355 So.2d 604 (1978)
TANO CORPORATION, Melvin Goldstein and Fran Goldstein
v.
LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, formerly d/b/a Louisiana Hospital Service, Inc., d/b/a Blue Cross of Louisiana, and Phil J. Muscarello.
No. 8720.
Court of Appeal of Louisiana, Fourth Circuit.
February 14, 1978.
Rehearing Denied March 14, 1978.
Stahl & Berke, Alan L. Offner, New Orleans, for plaintiffs-appellees.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Harry S. Hardin, III, G. Bruce Kuehne, New Orleans, for defendants-appellees.
Before REDMANN, LEMMON and STOULIG, JJ.
STOULIG, Judge.
Plaintiffs, Tano Corporation (Tano); Melvin Goldstein; and Fran Goldstein, have *605 appealed a judgment dismissing the tort aspect of their claim against defendant Louisiana Health Service & Indemnity Company, formerly doing business as Louisiana Hospital Service, Inc., doing business as Blue Cross of Louisiana (Blue Cross), on an exception of no cause of action.[1]
In their petition plaintiffs seek payment of medical benefits under a group health insurance policy issued by Blue Cross to cover employees of Tano and their dependents. Coverage was denied because the insured Fran Goldstein had been hospitalized and was being treated for mental illness when the insurance became effective.
Although the contract excludes coverage under such circumstance, plaintiffs alleged the insurer's agent Muscarello sold coverage based on assurances that all "pre-existing conditions and waiting periods were waived." In addition to the demand on the contract the claim for $25,000 deleted by the trial court's judgment on the exception is set forth in the following allegations:

"XIII
"In addition to the contractual liability set forth hereinabove, the defendants, BLUE CROSS and MUSCARELLO, are liable for their false representations and/or negligence in making representations which they knew or should have known were incorrect, that is, in representing that there was no exclusion for employees or their dependents notwithstanding the existence of pre-existing conditions whether or not requiring hospitalization.

"XIV
"The measure of damages for the negligence of the said defendant is the amount which GOLDSTEIN and FRAN would have recovered had the policy been issued as represented together with damages for inconvenience, embarrassment and mental suffering of $25,000.00."
The issue before us is whether the quoted allegations set forth a claim, which, if proven, would entitle the Goldsteins to a judgment as a matter of law.
Essentially we are concerned with a suit of a contract where plaintiffs seek to enforce an obligation on the part of the insurer and/or its agent to pay money. Were they to prove alleged fraud or misrepresentations, the net effect would be a judgment reforming the contract to delete the exclusion and to award whatever benefits the policy might provide plus interest. C.C. art. 1935 limits damages due for delay in performance to interest on the unpaid balance when the object of the contract is the payment of money. Bye v. American Income Life Insurance Company, 316 So.2d 164 (La.App. 4th Cir. 1975); Caswell v. Reserve National Insurance Company, 272 So.2d 37 (La.App. 4th Cir. 1973).
Plaintiffs' argument that an independent C.C. art. 2315 action should be sustained because fraud and misrepresentation are jurisprudentially recognized torts is meritless. While the general proposition is correct, it must yield to an express stipulation in the code limiting damages to interest where the object of the contract is the payment of money.
Appellants contend in the alternative that the $25,000 might be awarded under C.C. art. 1934(3) in this case because in addition to the payment of money the contract has for its object "intellectual gratification." We quote the language upon which this argument is advanced:
"Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money *606 by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule." C.C. art. 1934(3).
Plaintiffs reason that the purchase of medical insurance also has for its object "intellectual gratification" as well as the payment of money, because knowledge that high medical costs are covered by insurance produces "mental tranquility." The examples set forth in the quoted language demonstrate the article is inapplicable to this case. Plaintiffs' argument could apply to almost any contract situation because the purpose of entering into an agreement is generally to fulfill a need or desire. As to the insurance company, the obligation is simply a duty to pay money if the conditions of the policy are met.
Plaintiffs rely on Jiles v. Venus Community Center Benev. Mut. Aid Ass'n, 191 La. 803, 186 So. 342 (1939), wherein the Court awarded the parents of a deceased child money for mental anguish because the defendant failed to meet its obligation to render medical service although properly notified. The case does not discuss under what statutory authority the damages were imposed, but it is distinguishable because the breached obligations was for furnishing medical service and not the payment of money.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.
REDMANN, J., dissents with written reasons.
LEMMON, J., concurs with written reasons.
REDMANN, Judge, dissenting.
If there were no Supreme Court, efficiency in the administration of justice would be little more disserved by our affirming a judgment procedurally incorrect but substantively unharmful than by voting two-to-one to reverse it and therefore having to convoke a five-judge court for reargument of this appeal. Given the trial judge's ruling, affirming would be a matter of convenience, not of conscience: we would deny plaintiff no substantive right.
However, by approving the trial judge's having inadvertently made more work for himself, we probably also make work for ourselves and for the already-overburdened Supreme Court as well. The ruling appealed from required an extra appeal, and similar rulings in the future will require other extra appeals.
The trial judge and we depart from established procedural concepts by holding that non-entitlement to one element of damages means, in some way, that plaintiff has no cause of action. Presumably an application for writs is more likely after a decision expressly in conflict with the Supreme Court's own decisions. And presumably the Supreme Court feels obliged to consider at greater length an application from a decision expressly conflicting with its own decisions.
Our decision should therefore be to reverse the judgment appealed from.
LEMMON, Judge, concurs and assigns reasons.
I concur in the result. A party cannot recover damages for humiliation and mental anguish incurred when an insurance company denies benefits under a contract, even if the denial resulted from fraud or misrepresentation at the inception of the contract, unless there are allegations or evidence of intentional infliction of mental anguish, as in the Jiles case. There is a penalty statute in the insurance code for failing without justification to pay a claim on an insurance policy.
However, I would prefer to apply a long-established, court-adopted rule of procedure and not reach this issue, except that application of the procedural rule would require reversal of the judgment and would result in sending this matter to a five-judge panel when the members of the three-judge panel are unanimous as to the merits of the legal *607 issue.[1] I therefore limit my vote to the merits of the case and state my observations as to the procedural rule in a concurring opinion.
The appellate courts of this state have long adhered to the rule that when a petition states a cause of action as to any ground or portion of the demand on a cause of action based on a particular set of facts, the exception of no cause of action should be overruled in order to prevent a multiplicity of appeals based on that set of facts. Sifers v. Exxon Corp., 338 So.2d 763 (La. App. 4th Cir. 1976); Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Louisiana & Ark. Ry. v. Goslin, 258 La. 530, 246 So.2d 852 (1971); Burns v. Genovese, 254 La. 237, 223 So.2d 160 (1969); Little v. Haik, 246 La. 121, 163 So.2d 558 (1964); Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); and United Mine Workers v. Arkansas Oak Flooring Co., 238 La. 108, 113 So.2d 899 (1959).
The ruling of the trial court by final judgment creates appellate jurisdiction as to only part of plaintiffs' cause of action and forces this court to consider the merits of the present case in a piecemeal fashion. Significantly, the ruling has not ended the litigation in the trial court and has possibly delayed that litigation.
The preferable procedure would have been to overrule the exception and to admit evidence of humiliation and mental anguish only by means of a proffer. Then, after completion of the trial on the merits, the appeal, if any appeal is ever taken, would present all issues at one time.
The procedure used here requires at least one extra appeal and accomplishes nothing at the trial level except possible delay. Such procedure should be discouraged.
NOTES
[1] The exception of no cause of action and alternatively motion to strike filed on behalf of the defendant Phil J. Muscarello were overruled.
[1] I would, of course, not shy away from an issue of substance in order to avoid a five-judge panel.