361 So.2d 892 (1978)
C. P. WALKER, Plaintiff-Appellant,
v.
WESTERN-SOUTHERN LIFE INSURANCE COMPANY, Defendant-Appellee.
No. 13559.
Court of Appeal of Louisiana, Second Circuit.
June 5, 1978.
Rehearing Denied August 15, 1978.
Writ Refused October 10, 1978.
*893 Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Jerald L. Perlman, Shreveport, for defendant-appellee.
Before BOLIN, MARVIN and JONES, JJ.
En Banc. Rehearing Denied August 15, 1978.
BOLIN, Judge.
In this action plaintiff alleged defendant, his former employer and also his insurer under an employee security program, arbitrarily and capriciously withheld benefits for permanent disability. Plaintiff claimed the breach of contract caused him damages in the form of loss of the anticipated disability income as well as for mental anguish and humiliation. Defendant filed a "peremptory exception of partial no cause or right of action," aimed at plaintiff's claim for nonpecuniary damages. The trial court sustained the exception and dismissed plaintiff's suit "as it pertains thereto." We overrule the exception, set aside the judgment of dismissal, and remand.
Defendant's exception contains the following language:

PEREMPTORY EXCEPTION

A.

As part of plaintiff's claim against defendant on the alleged contract of insurance between the parties, plaintiff has made a demand for damages for mental anguish, humiliation and inconvenience.

B.
Defendant shows that this item of damages is, under the law of this State, not recoverable by a plaintiff in an action to enforce the provisions of an insurance contract.

C.
Plaintiff therefore has no cause or right of action herein to assert this particular claim of damages and said claim should therefore be dismissed with prejudice. (Emphasis added)
In reasons for judgment sustaining defendant's exception, the trial judge stated:
We agree with counsel for defendant that the peremptory exception of partial no cause or right of action directed toward plaintiff's demand for damages for mental anguish, humiliation and inconvenience should be sustained and that such exception is proper under our law, Succession of Nelson, 163 La. 458, 112 So. 298 (1927), wherein the Supreme Court approved the sustaining of an exception which was addressed to a portion of a petition, even though in other respects the petition stated a cause of action. . .
This holding was recently cited by the Court of Appeal for the Third Circuit in Tannehill vs. Tannehill, 226 So.2d 185, 189 (La.App. 3 Cir., 1969). (Emphasis added)
The defendant did not allege that plaintiff attempted to state more than one cause of action in this lawsuit.
We find the cases relied on by the trial court to be inapposite. In Succession of Nelson, a pre-Code of Civil Procedure case, one of the grounds alleged for annulling a will was stricken from the petition on an exception of no cause of action. The Supreme Court, on review after trial on the merits, approved this action of the trial court, which was the equivalent of upholding a motion to strike an insufficient demand.
*894 La.C.C.P. Art. 964.[1]Tannehill v. Tannehill involved the cumulation of an action for divorce with an action for disavowal of paternity. The court of appeal upheld the dismissal of the paternity action on an exception of no cause of action.
The peremptory exception of no cause of action tests the legal sufficiency of the petition. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977) and cases cited therein.
Our Code of Civil Procedure does not provide for an exception of partial no cause of action. The effect of sustaining a peremptory exception is that the action shall be dismissed, not that part of the action be dismissed. La.C.C.P. Art. 934. Since defendant's exception is leveled at only the allegations of and prayer for nonpecuniary damages, not the sufficiency of plaintiff's demand for breach of contract, the exception should have been overruled.
Defendant's use of the exception of no cause of action to strike an element of claimed damages represents an improper use of the procedural vehicle and illustrates the problem of piecemeal litigation which can result from the misuse of provisions intended to streamline our civil procedure.
The judgment sustaining the exception of partial no cause or right of action is set aside and the case is remanded for further proceedings. Costs are to await the final determination of the cause.
NOTES
[1] Art. 964.

The court on motion of a party or on its own motion may at any time and after a hearing order stricken from any pleading any insufficient demand or defense or any redundant, immaterial, impertinent, or scandalous matter. The motion of a party shall be filed within ten days after service of the pleading upon mover, except that a defendant may move to strike any matter from the petition at any time within fifteen days of the service.