369 So.2d 1184 (1979)
Toxie GIVENS, Plaintiff-Appellant,
v.
The RICHLAND-MORRIS AGENCY, INC., Defendant-Appellee.
No. 13818.
Court of Appeal of Louisiana, Second Circuit.
March 26, 1979.
*1185 Michael E. Kramer, Winnsboro, for plaintiff-appellant.
Adams & Reese by Robert E. Couhig, Jr., New Orleans, for defendant-appellee.
Before BOLIN, PRICE and MARVIN, JJ.
PRICE, Judge.
Plaintiff filed suit against defendant, an insurance agency, for its alleged failure to secure builder's risk insurance in the amount of $100,000 on the construction of plaintiff's slaughterhouse and produce processing plant which was substantially destroyed by a tornado on March 28, 1977. Plaintiff alleged damages to the partially completed structure in excess of $200,000; alleged business losses of $238,750 from the slaughterhouse operations and produce processing suffered because of defendant's alleged failure to remit insurance proceeds so that plaintiff could timely rebuild and repair his damaged facility; requested a trial by jury; and prayed for statutory penalties and attorney fees under La.R.S. 22:658.
Defendant filed an exception of no cause of action, a motion for summary judgment, and a motion to strike the order for jury trial.
The trial court, in written reasons for judgment, sustained defendant's exception of no cause of action relating to statutory penalties and attorney fees; denied defendant's exception of no cause of action seeking to limit damages to the alleged policy's limits; granted summary judgment dismissing plaintiff's claim relating to the alleged 1977 business losses; and denied defendant's motion to strike the court order for jury trial.
As we find no authority for the sustaining of a partial no cause of action, and that the granting of summary judgment was improper in this case, we reverse the judgment in these respects.
Although plaintiff does not contend in his specifications of error that the sustaining of a partial no cause of action was improper, this court has the authority under La.C.C.P. Art. 2164 to render any judgment which is just, legal, and proper upon the record on appeal irrespective of whether a particular legal point or theory is made.
This court recently considered whether it was appropriate to sustain an exception as to a part of a cause of action only. In Walker v. Western-Southern Life Ins. Co., 361 So.2d 892 (La.App. 2d Cir. 1978) we said:
Our Code of Civil Procedure does not provide for an exception of partial no cause of action. The effect of sustaining a peremptory exception is that the action shall be dismissed, not that part of the action be dismissed. La.C.C.P. Art. 934. Since defendant's exception is leveled at only the allegations of and prayer for nonpecuniary damages, not the sufficiency of plaintiff's demand for breach of contract, the exception should have been overruled.
Defendant's use of the exception of no cause of action to strike an element of claimed damages represents an improper use of the procedural vehicle and illustrates the problem of piecemeal litigation which can result from the misuse of provisions intended to streamline our civil procedure.
In view of our decision in Walker, use of the exception of no cause of action to strike statutory penalties and attorney fees is improper and should be overruled.
The Code of Civil Procedure provides that summary judgment is to be rendered only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.C.C.P. Art. 966. Plaintiff alleges that the 1977 business losses from his slaughterhouse and produce operations were caused by defendant's failure to remit insurance proceeds in order that plaintiff might proceed to repair and reconstruct his badly damaged building. Defendant, on the other hand, claims that the 1977 business losses were caused solely by the windstorm and not by any fault or failure of defendant. The trial judge in his *1186 written reasons concluded that plaintiff's loss of the use of his building in 1977 was due to the tornado and not by any fault of defendant and granted summary judgment rejecting plaintiff's claim as to the 1977 business losses.
The question presented by a motion for summary judgment is whether there is a genuine issue of fact and not how that issue should be determined; a genuine issue of fact cannot be resolved on a motion for summary judgment. La.C.C.P. Art. 966, Walmsley v. Gilmore, 144 So.2d 625 (La. App. 4th Cir. 1962). The trial court in this instance resolved the question of material fact as to the cause of the 1977 business losses, which was an improper use of summary judgment procedure.
For the reasons assigned the judgment sustaining the exception of no cause of action and the summary judgment is reversed and set aside. The judgment overruling the motion to strike plaintiff's request for a jury trial is affirmed. The case is remanded for further proceedings in accordance with law and consistent with the views expressed herein. Costs of this appeal are assessed to defendant. Assessment of all other costs is to await final disposition of this matter.