SWIFT, Judge.
The plaintiffs-appellants, Charles Wayne Higginbotham, Georgia M. Martin and Henrietta Richard, brought this suit against General Motors Corporation, Goodyear Tire & Rubber Company, Roy Motors, Inc. and Kelsey-Hayes Company, seeking damages for personal injuries sustained as a result of a one -car accident. Cavalier Insurance Company intervened asserting its subrogation claim as the collision insurer of the automobile. Goodyear Tire & Rubber Company and Kelsey ■ Hayes Company were dismissed from the suit on motions for summary judgment. After a trial on the merits against the remaining defendants, General Motors Corporation and Roy Motors, Inc., the court held that the plaintiffs failed to prove these defendants were negligent or that any defect in the vehicle caused the accident. From that adverse judgment, the plaintiffs have appealed. We affirm.
MOTION TO DISMISS THE APPEAL
General Motors Corporation has filed a motion to dismiss the appeal against it on the ground that plaintiffs’ brief is directed solely to that portion of the lower court’s judgment which dismissed co-defendant, Roy Motors, Inc., from the litigation. They also state that the brief of co-defendant Roy Motors, Inc. does not specify any error in the judgment with respect to the dismissal of General Motors Corporation.
We find the alleged grounds for dismissal to be without merit. The fact that neither of the other two parties involved in this litigation argued that the dismissal of the suit against General Motors Corporation was improper is hot a ground for dismissal. Such a failure to argue may well indicate that the trial court properly dismissed the suit against General Motors Corporation, *802 but does not limit our consideration of the case. The plaintiffs named General Motors Corporation as a defendant and have appealed from the trial court’s dismissal of them as well as the dismissal against co-defendant, Roy Motors, Inc. Therefore, all the parties are presently before us on this appeal.
We base our decision on several general principles. It is well settled that appeals are favored in the law and should be disallowed or declared abandoned only for substantial cause. Charles C. Cloy, Gen. Con., Inc. v. DiVincenti Bros., Inc., 308 So.2d 493 (La.App. 1 Cir. 1974). Also, the courts of appeal have the authority to render any judgment which is proper on the record regardless of the legal point that is made by the parties. Givens v. Richland Morris Agency, Inc., 369 So.2d 1184 (La.App. 2 Cir. 1979). Finally, we note that LSA-C.C.P. Art. 2164 states that the appellate courts should render any judgment which is legal and proper based on the record. The comments to that article indicate that its purpose is to give freedom to the courts of appeal to do justice based on the record, regardless of whether or not a particular legal point is made.
Therefore, the motion to dismiss is denied.
THE MERITS
The appellants urge that the trial court erred in failing to find negligence on the part of Roy Motors and a causal relationship between its alleged negligent service or repair of the vehicle and the accident. Their position is that the trial court erred in failing to properly apply the rules of circumstantial evidence. It is their theory that the accident occurred due to excessive vibrations which caused the 1975 Starfire Oldsmobile to run off the road and strike the culverts.
While there is some evidence in the record that indicates that the car’s wheel rims may have been abused during the mounting procedure, the trial court did not find that this was a cause in fact of the accident.
The facts are that on the morning of October 5, 1975 at about 4:55 a. m. the plaintiffs were en route to a barber shop in Opelousas for the ladies to have their hair done before a hair styling show that they were to attend later in the morning. The car in which they were riding was owned and driven by Mr. Higginbotham, a hair stylist, who had picked up the other two plaintiffs at lounges early that morning. Each of the plaintiffs admitted having something alcoholic to drink prior to the accident, but testified that it was not substantial. They were proceeding toward the south on U.S. Highway 167 and were a short distance north of the corporate limits of Opelousas when the accident occurred as the highway curves slightly. According to the state trooper who investigated the accident, their automobile left the roadway approximately 100 feet before it struck a set of concrete culverts and then traveled another 50 feet where it came to rest in a ditch at an intersection.
The trial court gave the following reasons for denying the plaintiffs’ recovery:
“Having considered the evidence and the arguments of counsel, I am of the opinion that the plaintiffs have failed to prove by preponderance of the evidence any negligence of General Motors Corporation or Roy Motors, Incorporated, or that any defect in the vehicle being driven by Charles Wayne Higginbotham at the time of the accident, caused or contributed to the accident under consideration. On the contrary, the testimony of the state policeman of the physical facts as borne out by his investigation of the accident serve to convince that Mr. Higginbotham simply failed to negotiate a curve and drove his vehicle straight off the highway into a culvert with resulting damages and injuries suffered by the occupants of the automobile.” (Emphasis added.)
The standard of review in a factual dispute such as the one before us is explained in Canter v. Koehring, 283 So.2d 716 (La.1973):
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable *803 factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
In Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the supreme court defined manifestly erroneous as meaning clearly wrong.
We cannot say that the court was clearly wrong in its determination that the negligence of Mr. Higginbotham was the sole cause of this accident.
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are taxed to the plaintiffs-appellants.
AFFIRMED.