413 So.2d 1351 (1982)
CENAC TOWING CO., et al.
v.
Arlen B. CENAC, et al. (3 Cases).
Nos. 82 CM 0077, 82 CW 0081 and 82 CA 0083.
Court of Appeal of Louisiana, First Circuit.
April 13, 1982.
Rehearing Denied May 25, 1982.
Thomas C. Keller, Roy C. Cheatwood, Robert B. Bieck, Jr., Gary E. Meringer, New Orleans, for plaintiffs and appellants.
Stanwood R. Duval, Jr., Houma, for defendants and appellees.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
This suit arises from a dispute among family members over control of a family corporation. The principle shareholders are: Clark Cenac, who is the President of Cenac Towing Co., Inc.; Arlen Cenac, who is Clark's brother; and Eugenie Cenac, who is their mother.
Allegedly, Arlen has tried to wrest control from his brother by persuading their mother to irrevocably donate her stock to a trust of which the two brothers are the equal beneficiaries, but which will be effectively controlled by Arlen, since his son, Arlen, Jr., has been designated as the trustee.
Clark is suing to prevent Arlen, Jr. from voting the stock as trustee, alleging two grounds:
1. The transfer of the stock to the trust was in violation of the Articles of Incorporation, which require that stock be offered to current shareholders *1352 before being transferred to any "non-member" of the corporation.
2. Eugenie Cenac was, at the time of executing the donation of her shares to the trust controlled by her grandson, "incapable of understanding the meaning and ultimate effects" of that act.
The defendants concede that, as president of the corporation, plaintiff has the right to sue to enforce compliance with the Articles. Defendants deny, however, that plaintiff has any right to attack the validity of the stock transfer on the grounds that Eugenie Cenac did not know what she was doing. That claim, say the defendants, can only be made by Eugenie Cenac, herself, or her authorized representative, citing Civil Code Article 1881:
"Engagements made through error, violence, fraud, or menace, are not absolutely null, but are voidable by the parties who have contracted under the influence of such error, fraud, violence, or menace or by the representatives of such parties."
The trial judge, agreeing with this analysis, granted what amounts to a partial peremptory exception of no right of action, specifying the paragraphs of plaintiff's petition which were to be considered dismissed, being all those alleging vices of consent in Eugenie Cenac's transfer of her stock.
The plaintiffs have appealed this decision and applied for supervisory writs. The defendants have filed a motion to dismiss the appeal and oppose the writ. The correctness of the trial court's action and the proper form of review are questions of procedural law presented here.
From the point of view of the trial court, judicial efficiency is well served by striking out, early in the proceedings, a plainly inappropriate theory of relief, so that the labor of hearing evidence on it is saved. From the point of view of the court of appeal, however, judicial efficiency is disserved by a final judgment rendered on only part of the case, which becomes immediately appealable, so that the case comes up "piecemeal", a result we disapprove.
This problem was addressed in the case of Tano Corp. v. La. Health Service & Indemn., 355 So.2d 604 (La.App.1978) where three judges of the Fourth Circuit Court of Appeal wrote opinions (Stoulig, for the court; Redmann, dissenting; and Lemmon, concurring). There, an action was brought against an insurance company on both breach of contract and tort theories. The tort issues were dismissed on a peremptory exception of no cause of action, and there was an immediate appeal. All the judges agreed that, in fact, no cause of action in tort had been stated, and the case was affirmed on that basis. Judges Redmann and Lemmon, however, both objected to the piecemeal litigation and agreed that the trial judge should have refused to maintain a partial exception of no cause of action. Judge Redmann would have reversed on those grounds but Judge Lemmon thought reversal needlessly burdensome where the objection was purely procedural and involved no substantive right. All three judges apparently agreed that the grant of peremptory exception always created appellate jurisdiction on that issue.
We agree with Judge Redmann in Tano. The Code of Civil Procedure does not provide for a partial peremptory exception of no right of action. Professor Frank L. Maraist's comment on "Exceptions" in 39 La. Law Review 911 (attached) effectively treated the problem of the granting of a partial peremptory exception of no cause of action.
Our reasoning herein is identical to his reasoning therein. In Professor Maraist's language, we are of the opinion that:
The Louisiana jurisprudence is that if the petition does reflect that a litigant has a right of action as to one of the theories or one of the demands for relief, the exception of no right of action should not be maintained. The evil in maintaining such an exception is that the judgment rendered thereon becomes immediately appealable resulting in a "piecemeal" trial of claims based upon the same facts.
*1353 The correct approach of the matter before us can be found in the case of Walker v. Western Southern Life Insurance Co., 361 So.2d 892, June 5, 1978, En Banc rehearing denied, August 15, 1978, Writ Refused, October 10, 1978. On page 894 thereof, the Court states:
"The effect of sustaining a peremptory exception is that the action shall be dismissed, not that part of the action shall be dismissed. La. CCP Art. 934.... Defendant's use of the exception of no cause of action to strike an element of claim damages represents an improper use of the procedural vehicle and illustrates the problem of piecemeal litigation, which can result from the misuse of provisions intended to streamline our Civil Procedure." (Emphasis ours)
As we see it, Walker gets to the heart of the matter. The "sole purpose of the peremptory exception of no right of action is to challenge the plaintiff's interest in the subject matter of the suit or his legal capacity to proceed with the suit". Marquis v. Cantu, App. 1979, 371 So.2d 1292.
Considering the foregoing, it is our opinion that the trial judge should not have granted the partial peremptory exception in this case. The Plaintiffs have established a definitive interest in the suit as well as a capacity to bring the suit.
For the above and foregoing reasons, relief under the appeal is granted, the motion to dismiss appeal is dismissed. The Writ is vacated and the matter is remanded to the trial court for further proceeding in accordance with the view expressed herein. Appellee is to pay all costs.
REVERSED AND REMANDED.
APPENDIX
LA. LAW REVIEW, VOL. 39, PAGE 911 EXCEPTIONS PROFESSOR FRANK L. MARAIST'S COMMENT
EXCEPTIONS
If a petition alleges a single set of facts and seeks only one type of relief thereon under a single theory of liability, and the defendant contends that the plaintiff may not recover as a matter of law, the defendant may properly resist the demand through the peremptory exception urging no cause of action.57 What if the plaintiff seeks two different types of relief or the same relief under two or more theories of liability and the defendant contends that plaintiff may recover, as a matter of law, one, but not both types of relief, or under one, but not both theories? May he then urge his objection to the improper theory or demand through the peremptory exception urging no cause of action? The Louisiana jurisprudence is that if the petition does state a cause of action as to one of the theories or one of the demands for relief, the exception of no cause of action should not be maintained.58 The evil in maintaining such an exception is that the judgment rendered thereon becomes immediately appealable, resulting in a "piecemeal" trial of claims based upon the same facts. An illustration of the rule is Walker v. Western Southern Life Ins. Co.,59 in which plaintiff sued his insurer for disability benefits and for damages for mental anguish, humiliation and inconvenience resulting from the failure to pay the benefits. The trial judge sustained defendant's exception of no cause of action to the demand for the nonpecuniary damages, but on appeal the Second Circuit reversed, pointing out that the use of the exception to strike an element of claimed damages is an improper use of the procedural device.60
The Second Circuit did not point out how the defendant should have objected to an improper demand or an invalid theory of recovery. The proper procedure apparently would have been a motion to strike,61 but use of that device would pose problems. One such problem is the limited time period within which such a motion may be urged.62 Another is the possibility that a judgment sustaining a motion to strike may be appealable,63 thus producing the same piecemeal litigation which prompted courts to prohibit the use *1354 of the peremptory exception urging a partial no cause of action. Perhaps a more satisfactory solution, suggested by Judge Lemmon of the Fourth Circuit,64 is:
"to overrule the exception and to admit evidence [relevant to the theory or demand which the trial judge has found insufficient] ... only by means of a proffer. Then, after completion of the trial on the merits, the appeal, if any appeal is ever taken, would present all issues at one time.65
56 Id. at 1094.
57 La.Code Civ.P. art. 927.
58 Louisiana & Ark. Ry. Co. v. Goslin, 258 La. 530, 246 So.2d 852 (1971), appeal after remand, 300 So.2d 483 (La.1974), cert. denied, 420 U.S. 963 (1975).
59 361 So.2d 892 (La.App. 2d Cir. 1978).
60 Id. at 894.
61 La.Code Civ.P. art. 964.
62 A motion to strike must be filed within ten days of service of the pleading; a defendant may move to strike within fifteen days of the service of the petition. La.Code Civ.P. art. 964.
63 See La.Code Civ.P. arts. 1841, 2083.
64 Tano Corp. v. Louisiana Health Service & Indem. Co., 355 So.2d 604 (La.App. 4th Cir. 1978) (Lemmon, J., concurring).
65 355 So.2d at 607 (emphasis by the court).