568 So.2d 213 (1990)
DESORMEAUX ENTERPRISES, INC., Plaintiff-Appellee,
v.
The VILLAGE OF MERMENTAU, Defendant-Appellant.
No. 89-120.
Court of Appeal of Louisiana, Third Circuit.
October 3, 1990.
Beyt & Beyt, Raymond A. Beyt, Lafayette, for plaintiff-appellee.
Regan & Privat, Thomas K. Regan, Crowley, David C. Kimmel, Asst. Atty. Gen., Baton Rouge, for defendant-appellant.
Before GUIDRY, STOKER and LABORDE, JJ.
GUIDRY, Judge.
Desormeaux Enterprises, Inc. (Desormeaux) filed this suit seeking a judgment declaring Ordinance Number 225 of the Village of Mermentau unconstitutional, null and void. The trial court, for written reasons assigned, concluded that the ordinance was null and void. The Village of Mermentau (Mermentau) appealed to this court. We ordered this appeal transferred to the Louisiana Supreme Court since the judgment below decreed the municipal ordinance null and void (Art. V Sec. 5(D) I, La. Constitution of 1974). The Supreme Court, by order dated May 24, 1990, remanded this matter to this court, stating that "[t]he judgment rendered by the trial court on October 7, 1988 is not appealable to this Court". Accordingly, we proceed to consider and decide this matter.

FACTS
The trial court, in written reasons for judgment, succinctly set forth the facts giving rise to the instant controversy and the contentions of the parties as follows:
"The Joint Stipulation of Fact filed herein indicates that plaintiff, a Louisiana Corporation domiciled in Jefferson Davis Parish, purchased a tract of land located within the corporate limits of the Village of Mermentau. This property was purchased *214 for the purpose of converting the oil or gas well situated thereon into a commercial salt-water disposal facility. Plaintiff published the appropriate notices of intention to apply to the Commissioner of Conservation for a permit to operate a non-hazardous waste disposal facility for the disposal of salt-water generated from the production of oil and gas wells. The method of disposal was to be by means of deep well injection into the sub-surface of the ground.
Shortly after publication of the notice of intention to apply, the Village of Mermentau adopted 1984 Ordinance No. 225 prohibiting the
`importation of any trash, refuse, garbage or any waste material, either hazardous or non-hazardous, on any land, private or public, within the Village of Mermentau, Acadia Parish, Louisiana.'
The ordinance specifically prohibits the importation of
`any foreign material which is considered waste and must be disposed of, as salt-water for injection into sub-surface well, etc.'
This dispute arose because Ordinance No. 225 would prohibit plaintiff from operating a disposal facility on the property it purchased if it received a permit from the Commissioner of Conservation.
Plaintiff maintains that Ordinance No. 225 is unconstitutional as it violates Article VI, Section 7(a) of the Constitution of 1974 for the State of Louisiana, because it is unauthorized and inconsistent with the laws of this State, specifically L.S. A.-R.S. 30:1 et seq. Plaintiff cites Rollins Environmental Service, Inc. vs. Iberville Parish, 371 So.2d 1127 (La. 1979) in support of its contention and maintains that the State of Louisiana has pre-empted this area of regulation, making Ordinance No. 225 invalid. The State Attorney General agrees.
The Village of Mermentau maintains that it is authorized to regulate waste disposal by the `Larson [sic] Act', L.S.A.-R.S. 33:361, and that Rollins is distinguishable because the case at bar does not involve hazardous waste disposal."
The trial court determined that Mermentau's Ordinance No. 225 was invalid, null and void, concluding that:
". . .
After careful and deliberate consideration of all of the submissions, this Court finds that the State of Louisiana has preempted the area of regulation embodied by Ordinance No. 225.
. . . . .
The express statutory provisions of Louisiana law and the holding in Rollins, supra, leave this court no option. Clearly, local government bodies, such as the Village of Mermentau, have been denied the power to adopt local ordinances independently regulating or prohibiting the disposal of oil field waste, both hazardous and non-hazardous. The state agencies have exclusive jurisdiction, control and authority over the handling, storage and disposal of such materials.
. . ."
We affirm, concurring in the trial court's conclusion that the ordinance is illegal, in part, because the field of regulation of the disposal of waste products, including saltwater, into the subsurface by means of commercial offsite disposal facilities, including siting of such facilities, is preempted by state law.
In Palermo Land Co., Inc. & Browning Ferris, Inc. v. Planning Commission of Calcasieu Parish & The Police Jury of Calcasieu Parish et al., 561 So.2d 482 (La. 1990), the Supreme Court reiterated the established criteria for determining the existence of pre-emption of local police powers, stating:
"Local power is not pre-empted unless it was the clear and manifest purpose of the legislature to do so, or the exercise of dual authority is repugnant to a legislative objective; if there is no express provision mandating pre-emption, the courts will determine the legislative intent by examining the pervasiveness of the state regulatory scheme, the need for state uniformity, and the danger of conflict between the enforcement of local laws and the administration of the state program."
*215 Article 6 section 7 of the La. Constitution of 1974 and La.R.S. 33:361 provide, in sum, that a municipality is authorized to exercise any power and perform any function necessary for the management of its affairs not denied by the constitution, its charter, or by general law.
La.R.S. 30:1 et seq. creating the Department of Conservation, provides in La.R.S. 30:1 D as follows:
"The disposal of any waste product into the subsurface by means of a disposal well and the regulation of all surface and storage waste facilities incidental to oil and gas exploration and production shall be within the jurisdiction of the department."[1]
La.R.S. 30:4 I provides that the Commissioner shall make rules regulating the offsite disposal at commercial facilities of saltwater and other related nonhazardous wastes, and sets forth in detail the minimum requirements of such regulations. La.R.S. 30:4 I (7) specifically requires the promulgation by the Commissioner of regulations specifying the "criteria for the location, design and operation of commercial off site disposal facilities". In compliance with and pursuant to this mandate, the Commissioner adopted and promulgated Statewide order Number 29 which, among other purposes, promulgates pervasive regulations governing the disposal of nonhazardous waste, including saltwater, into the subsurface and makes specific requirements in Section 13.2 governing location of commercial facilities.
In Rollins Environmental Services of Louisiana, Inc. v. Iberville Parish Police Jury, 371 So.2d 1127, 1133 (La.1979), our Supreme Court spoke to the pervasiveness of the general law of the state governing the disposal of waste products into the subsurface stating:
"By Act 157 of 1940 the Commissioner of Conservation was authorized to `prevent the pollution of fresh water supplies by oil, gas, or salt water ...' Under this authority, as the successor agency, the Department of Conservation has been charged with protecting Louisiana fresh water aquifiers from pollution for almost forty years. In that time thousands of brine disposal wells have been permitted at oil field sites throughout the state... Act 122 of 1976 (La.Rev.Stat. 30:1(D), 3(1)(c), 3(15), 4(C)(16)) restates and clarifies the authority of the Department of Conservation to regulate and permit other disposal wells in addition to brine disposal wells. This legislation specifically authorizes the Commissioner of Conservation to make rules, regulations and orders relating to the injection of waste products into the subsurface. Pursuant to that authority the Commissioner has issued statewide Order 29-9, a comprehensive set of regulations establishing the criteria to be met in order to obtain a disposal well permit." (Emphasis ours)
We conclude that the regulation of the disposal of any waste product into the subsurface by means of a disposal well, including siting, is within the exclusive jurisdiction of the Department of Conservation. The express terms of our pertinent statutory law and the regulations adopted pursuant thereto are pervasive and clearly manifest a legislative intention to pre-empt such field in its entirety. We affirm the trial court's determination that 1984 Ordinance Number 225 of the Village of Mermentau is inconsistent with the general law of the State of Louisiana and, as such, it is null and void insofar as it prohibits importation and disposal of saltwater by injection into subsurface wells.[2]
AFFIRMED.
NOTES
[1] In legislative construction, the word "shall" is mandatory. La.R.S. 1:3.
[2] The Village of Mermentau is not without a remedy as Section 13.4 of Statewide Order No. 29 grants Mermentau the right to present testimony, facts or evidence in connection with the application of Desormeaux Enterprises, Inc. for a permit to operate and maintain its commercial saltwater disposal facility, including any objection to its location within the corporate boundaries of the Village.