650 So.2d 748 (1995)
TWIN PARISH PORT COMMISSION
v.
BERRY BROS., INC., et al.
No. 94-CA-2594.
Supreme Court of Louisiana.
February 20, 1995.
Theodore M. Haik, Jr., Wendell R. Verret, Haik & Minville, New Iberia and Joseph Arthur Smith, III, and Andre Charles Broussard, Broussard, Dampf & Edwards, Baton Rouge, for applicant.
James L. Ellis, James C. Carver, Kathleen C. Mason, Deborah E. Lamb, Taylor, Porter, Brooks & Phillips, Baton Rouge, Edgar D. Gankendorff, Oscar E. Reed, Jr., Oats & Hudson, Lafayette, Hal J. Broussard, Paul B. David, Broussard, David & Daigle, Baton Rouge, and Richard P. Ieyoub, Atty. Gen., and April R. Snellgrove, Baton Rouge, for defendant.
Hal J. Broussard, Lafayette, Counsel for Louisiana Oilfield Control, amicus curiae.
David C. Kimmel and John B. Sheppard, Jr., Baton Rouge, for Richard Ieyoub, Atty. Gen., State of La., amicus curiae.
April R. Snellgrove, Baton Rouge, for Dept. of Environmental Quality, amicus curiae.
PER CURIAM.[*]
Plaintiff, the Twin Parish Port Commission (the "Commission"), sued for an injunction and declaratory judgment seeking to prevent the defendants, Berry Bros., Inc. ("Berry") and Equitable Storage Company ("Equitable"), from constructing and operating *749 a natural gas storage facility on Lake Peigneur (the "Lake"), Iberia Parish, Louisiana. The Commission alleged that the proposed construction and operations would be violative of Commission Ordinance No. 10, which prohibits dredging and excavating of any portion of the water bottom of the Lake, and Commission Ordinance No. 3, which prohibits the discharge of oil, grease and refuse matter into the Lake. After a hearing, the district court rendered judgment in favor of the defendants, finding that Ordinance No. 10 is "unconstitutional" because it was not enacted in compliance with the requirements established by Louisiana's Open Meeting Laws, La.Rev.Stat. 42:4.1 through 42:13, and that Ordinance No. 3 is unenforceable because it is preempted by Louisiana's Department of Environmental Quality statutes and regulations. The Commission invoked this Court's appellate jurisdiction, relying exclusively upon La.Const. art. V, § 5(D)[1] and asserting that the trial court declared Ordinance No. 10 "unconstitutional." Our review of the record reveals that the trial court made no substantive declaration of unconstitutionality of Ordinance No. 10. Thus, we have no appellate jurisdiction.
Although the trial court's judgment declares Ordinance No. 10 "unconstitutional," the court's analysis was limited to the Commission's failure to comply with the statutory public hearing and notification requirements of La.Rev.Stat. 42:4.1 et seq. when enacting Ordinance No. 10. An ordinance is not "unconstitutional" simply because it was enacted in violation of the Open Meeting Laws. Rather, such ordinances are deemed relatively null and "voidable" by a court of competent jurisdiction, if challenged within 60 days of the action. La.Rev.Stat. 42:9; Delta Development Co., Inc. v. Plaquemines Parish Commission Council, 451 So.2d 134 (La. App. 4th Cir.1984), writ denied, 456 So.2d 172 (La.1984).
Without a substantive declaration of unconstitutionality, we have no appellate jurisdiction under La. Const. art. V, § 5(D) to determine the correctness of the trial court's ruling as it relates to Ordinance No. 10. We also have no jurisdiction to determine the correctness of the trial court's ruling on the preemption and invalidity of Ordinance No. 3, since no independent jurisdictional basis therefor exists. La. Const. art. V, § 5(F)[2]; Desormeaux Enterprises, Inc. v. Village of Mermentau, 568 So.2d 213 (La.App. 3d Cir. 1990)[3]. Additionally, we have no appellate jurisdiction to address and decide any other issues raised by the parties because they were not ruled upon by the trial court. Cf. Church Point Wholesale Beverage Company, Inc. v. Tarver, 614 So.2d 697, 700-701 (La. 1993).
Having concluded that we have no jurisdiction, this appeal is ordered transferred to the Louisiana Third Circuit Court of Appeal. Our prior ruling instructing the District Court to "grant injunctive relief unless there are grounds for not doing so other than the declared unconstitutionality of the ordinances," is vacated.
WATSON, J., concurs in the result.
DENNIS, J., concurs with reasons.
DENNIS, Justice, concurring.
I respectfully concur.
The majority is correct in stating that if this Court has appellate jurisdiction under La. Const. Art. V, § 5, then that jurisdiction may extend over all issues (constitutional or otherwise) involved in the civil action before it. La. Const. Art. V, § 5(F). I write separately, however, in order to emphasize that *750 this jurisdictional grant of power should be exercised sparingly. In the usual case before this Court on direct review pursuant to La. Const. Art. V, § 5(D)(1), once the constitutional issues have been dealt with, our normal course of action is to remand the case to the proper lower court for disposition of all remaining issues. See BP Oil Co. v. Plaquemines Parish Gov't, 651 So.2d 1322 (La. 1994), reh'g granted. See also, Midboe v. Commission of Ethics for Public Employees, 646 So.2d 351 (La.1994) (Dennis, J., concurring).
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, Johnson J. was not on the panel which heard and decided this case.
[1] La. Const. art. V, § 5(D) provides:

In addition to other appeals provided by this constitution, a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional or (2) the defendant has been convicted of a capital offense and a penalty of death actually has been imposed.
[2] La. Const. art. V, § 5(F) provides that if the Supreme Court has appellate jurisdiction under § 5, then that jurisdiction may extend over all issues (constitutional or otherwise) involved in the civil action before it.
[3] The procedural history in Mermentau indicates that this court has no original appellate jurisdiction under La. Const. art. V, § 5(D), where a district court merely declares a municipal ordinance null and void due to preemption. Mermentau, 568 So.2d at 213.