684 So.2d 396 (1996)
CITY OF BATON ROUGE
v.
Thomas J. GOINGS.
No. 95-KA-2542.
Supreme Court of Louisiana.
December 13, 1996.
*397 Richard P. Ieyoub, Attorney General, Veronica Rhenae Jones, Carl J. Jackson, Baton Rouge, for Applicant.
Michael Robert Connelly, Baton Rouge, for Respondent.
VICTORY, Justice.[*]
This suit involves a direct appeal to this court under La. Const. art. 5, § 5(D) from a judgment of the trial court finding that Baton Rouge City Ordinance 9533 had been preempted by the Federal Aviation Administration Act of 1994 (the "FAAA"). We find that this court lacks jurisdiction and transfer the case to the appropriate court of appeal.

FACTS AND PROCEDURAL HISTORY
Thomas Goings ("Goings") was charged in Baton Rouge city court with twelve counts of violating Baton Rouge City Ordinance 9533, which prohibits certain activities by tow truck drivers. Goings filed a motion to dismiss, claiming that the charges against him violated the Fifth Amendment of the United States Constitution and Article 4, § 21 of the Louisiana Constitution, and that the city ordinance was preempted by the FAAA. The city court judge granted the motion to dismiss, finding that the ordinance was void and unenforceable because it was preempted by the FAAA. The City of Baton Rouge filed a direct appeal to this court, claiming that we have jurisdiction under La. Const. art. 5, § 5(D).

DISCUSSION
La. Const. art. 5, § 5(D) provides, in pertinent part, that "a case shall be appealable to the supreme court if (1) a law or ordinance has been declared unconstitutional...." The issue presented is whether a declaration that a state ordinance is preempted by a federal law is a declaration of unconstitutionality such that jurisdiction in this court is proper.
While the federal preemption doctrine has its roots in the Supremacy Clause, which provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land ...," U.S. Const. art. VI, cl. 2, preemption is really a matter of statutory construction. See L. Tribe, American Constitutional Law § 6-25, at 480 (2d ed. 1988). Indeed, the United States Supreme Court alternates between classifying preemption cases as Supremacy Clause cases and pure statutory construction cases. See S. Candice Hoke, Preemption Pathologies and Civic Republican Values, 71 B.U.L.Rev. 685 (1991) (listing and discussing the Court's varying classifications of preemption cases).
Preemption is not a matter of a state ordinance conflicting with or violating a substantive constitutional provision, such as the Fifth Amendment, but rather involves a determination of whether the ordinance conflicts with a federal statute. No federal constitutional issues are involved in this determination.
A finding that this court lacks jurisdiction under La. Const. art. 5, § 5(D) where a trial court finds that an ordinance has been preempted by a federal statute is consistent with the view that this court lacks jurisdiction when a trial court finds that an ordinance has been preempted by a state law. See Twin Parish Port Commission v. Berry Bros., Inc., 94-CA-2594 (La.2/20/95), 650 So.2d 748; Desormeaux Ent. v. Village of Mermentau, 568 So.2d 213 (La.App. 3d Cir. 1990) (after remand by this Court upon a finding of lack of jurisdiction). It is also consistent with the usual practice and procedure of appealing these types of cases to the courts of appeal, rather than this court. See White v. White, 623 So.2d 31 (La.App. 1st Cir.1993) (trial court ruling that 10 U.S.C. § 1408(c)(1) preempted the classification and division of military retirement benefits as community property appealed to court of appeal). While the Louisiana Constitution does *398 not contain its own general supremacy clause, whereby local ordinances fall to conflicting state laws, it does contain prohibitions against local governments regulating in certain areas that are reserved to the state legislature. Thus, we see no logical reason why our treatment of preemption of local ordinances by federal statute should be any different from our treatment of preemption of local ordinances by state statute. We do not have jurisdiction of either under La. Const. art. 5, § 5(D).

CONCLUSION
We have no jurisdiction over this direct appeal under La. Const. art. 5, § 5(D). Furthermore, we have no appellate jurisdiction to address and decide any other issues raised by the parties because they were not ruled on by the trial court. Twin Parish Port Com'n, supra at 749. Accordingly, this case is transferred to the First Circuit Court of Appeal.
NOTES
[*] Claiborne, Justice pro tempore, not on panel. Rule IV, § 3. Judge Graydon K. Kitchens, Jr., sitting as justice pro tempore, participated in this case.