PER CURIAM.
REHEARING GRANTED IN PART, OTHERWISE DENIED
We granted the original writ application to determine whether a community of ac-quets and gains is created when one spouse acquires a Louisiana domicile, but the other spouse never resides here. In a *626 unanimous opinion, this Court concluded the Louisiana Legislature’s intentional use of the plural “spouses” in Civil Code Articles 2334 and 2329 must be interpreted to mean that one spouse cannot create a community property regime.
In her application for rehearing, Mrs. Hand (“respondent”) suggests our grant of Mr. Hand’s exception of no cause of action leaves her without any claim against her husband’s Louisiana property. At the same time, respondent argues Mr. Hand will be able to assert a claim to an equitable distribution of her South Carolina property.
We reaffirm the previous opinion’s essential holding that no community property regime was created by Mr. Hand’s unilateral establishment of a Louisiana domicile. However, we vacate our previous ruling which maintained the trial court’s grant of the exception of no cause of action and remand the case to the court of appeal to determine whether the remaining claims raised by respondent state a cause of action under La. Civ.Code art. 3523 et seq.