834 So.2d 619 (2002)
Ivan L. HAND, Jr.
v.
Gwendolyn Robinson HAND.
No. 1999 CA 2420R.
Court of Appeal of Louisiana, First Circuit.
December 20, 2002.
Rehearing Denied January 29, 2003.
*620 Alfred S. Lippman, David M. Thorguson, Morgan City, Counsel for Plaintiff/Appellee Ivan L. Hand, Jr.
*621 Allen A. McElroy, Jr., Robert L. Duffy, Berwick, Counsel for Defendant/Appellant Gwendolyn Robinson Hand.
Before: FOIL, FOGG, FITZSIMMONS, GUIDRY, and PATTERSON, JJ.[1]
FITZSIMMONS, J.
Plaintiff, Mr. Ivan L. Hand, Jr., and the defendant, Mrs. Gwendolyn Robinson Hand, were married in South Carolina in 1992. They subsequently moved to England, where Mr. Hand was employed by Exxon. In 1993, Mrs. Hand returned to South Carolina, where she found employment. Subsequently, Mr. Hand moved from England to New Jersey. In 1994, Mr. Hand lost his job. In the same year, he moved to Louisiana and obtained a job with a different employer. Mrs. Hand never resided in Louisiana. She did not visit Louisiana during the period at issue. In 1996, Mr. Hand filed for divorce in Louisiana. The divorce was granted by a Louisiana judgment dated September 20, 1996.
During the divorce proceedings, Mrs. Hand filed a reconventional demand based on her claim to movable assets acquired by Mr. Hand. She asserted a claim for equitable distribution of the property acquired by Mr. Hand since February 1991. Alternatively, she sought this relief from the date of the marriage, for partition of one-half of the legal regime of community property acquired in Louisiana, and for mismanagement of community assets. In response, Mr. Hand filed a peremptory exception raising the objection of no cause of action. He argued that all the property he acquired before marriage, and in Louisiana during the marriage, was his separate property. Additionally, he asserted that Mrs. Hand had no claim for mismanagement of community funds because all the claimed assets were his separate property.
The trial court found that a legal matrimonial regime of a community of acquets and gains never existed between the plaintiff, Mr. Hand, and the defendant, Mrs. Hand. By judgment dated July 15, 1999, the trial court granted Mr. Hand's exception of no cause of action on the claims he challenged. It dismissed the claims for pre-marital assets, the assets acquired by Mr. Hand while domiciled in Louisiana, and mismanagement of the community. The exception of no cause of action did not cover, and the trial court did not rule on, the issue of Mrs. Hand's entitlement to marital assets[2] acquired by Mr. Hand while domiciled outside of Louisiana.
Mrs. Hand appealed. In an unpublished opinion, Hand v. Hand, 99-2420 (La.App. 1 Cir. 2/16/01),[3] this court found that a community property regime did exist, reversed the trial court's grant of the exception of no cause of action, and remanded for a trial on the merits. Subsequently, the Louisiana Supreme Court reversed this court, found that a community property regime did not exist, and reinstated the judgment of the district court. Hand v. Hand, XXXX-XXXX (La.11/28/01), 802 So.2d 560. However, on re-hearing, the supreme court affirmed its fundamental conclusion, that a community property regime was not established, but vacated its ruling to the *622 extent that it maintained the grant of Mr. Hand's exception of no cause of action. The supreme court remanded the case to this court for a determination of "whether the remaining claims raised by [Mrs. Hand] state a cause of action under La. Civ.Code art. 3523 et seq." Hand v. Hand, XXXX-XXXX (La.3/22/02), 812 So.2d 625.
While Mrs. Hand may have a claim against marital assets acquired by Mr. Hand while he was domiciled outside of Louisiana, that claim has not been ruled on by the trial court and is not yet before this court on appeal.[4]See Twin Parish Port Commission v. Berry Bros., Inc., 94-2594, p. 3 (La.2/20/95), 650 So.2d 748, 749. Thus, the issue before us is whether Mrs. Hand, in the absence of a community property regime, stated a cause of action under Civil Code article 3523, et seq., for movables acquired before the marriage and movables acquired while Mr. Hand was domiciled in Louisiana.
The peremptory exception raising the objection of no cause of action tests the legal sufficiency of the petition. La. C.C.P. art. 927A(4); Shinew v. Luciano Refrigerated Transport, Inc., 96-2454, p. 3 (La.App. 1 Cir. 11/19/97), 706 So.2d 140, 141. The issue is whether the law affords a remedy on the facts alleged in the pleading. Shinew, 96-2454 at p. 3, 706 So.2d at 141. If two or more causes of action are based on separate and distinct operative facts, partial grants of the exception of no cause of action may be rendered, while preserving other causes of action. Shinew, 96-2454 at pp. 3-4, 706 So.2d at 141.
The primary property claims at issue in this particular case are (1) movables acquired by Mr. Hand prior to marriage and (2) movables acquired during the marriage while Mr. Hand was domiciled in Louisiana. Both of these claims rest on their own distinct operative facts of time and place of acquisition. Thus, these claims represent two independent causes of action. Either or both causes of action may be retained or rejected.
Book IV of the Louisiana Civil Code, entitled Conflict of Laws, contains general provisions to be used in the absence of more specific conflict of laws provisions; for example, Civil Code article 3515. The rules highlighted by our supreme court, Louisiana Civil Code article 3523, et seq., are contained in Book IV, Title III, entitled Marital Property. The articles in Title III specifically govern marital property, regardless of whether a community property regime existed. The threshold article for movables is Civil Code article 3523. Civil Code article 3523 provides, as follows: "Except as otherwise provided in this Title, the rights and obligations of spouses with regard to movables, wherever situated, acquired by either spouse during marriage are governed by the law of the domicile of the acquiring spouse at the time of acquisition." In essence, article 3523 designates which state law will provide the "rule of classification" for marital movable property. La. C.C. art. 3523, Revision Comments-1991(c). Upon termination of the marriage, article 3523 provides the applicable "rule of distribution only when it is not displaced by [a]rticle 3526 ...." Id. Article 3526 is the conflict of laws rule for movable property acquired by a spouse while domiciled outside of Louisiana. If the initial requirements of article 3526 are met, it usurps the general *623 rule of article 3523. La. C.C. art. 3526, Revision Comments-1991(a). Article 3526 provides, in pertinent part, that:
Upon ... dissolution by ... divorce of the marriage of spouses either of whom is domiciled in this state, their respective rights and obligations with regard to ... movables, wherever situated, that were acquired during the marriage by either spouse while domiciled in another state shall be determined as follows:
(1) Property that is classified as community property under the law of this state shall be treated as community property under that law; and
(2) Property that is not classified as community property under the law of this state shall be treated as the separate property of the acquiring spouse. However, the other spouse shall be entitled, in value only, to the same rights with regard to this property as would be granted by the law of the state in which the acquiring spouse was domiciled at the time of acquisition.
The other articles contained in Title III govern immovable property.
The first issue for consideration is the marital property acquired by Mr. Hand while he was domiciled in this state. As to which state law is to be applied to that property, Louisiana Civil Code article 3523 governs, not article 3526. Pursuant to article 3523, Louisiana law controls the classification of the movable property while Mr. Hand was a domiciliary of this state, and upon termination of the marriage, our law directs the distribution of the property. Thus, the marital property acquired by Mr. Hand while domiciled in Louisiana must be classified and distributed according to Louisiana classification and distribution rules found in our Civil Code. La. C.C. art. 3523 & Revision Comments-1991(b) & (c); see also La. C.C. art. 3526, Revision Comments-1991(b) (classification of property requires the property to be categorized as separate or community). Under Louisiana classification law, "property acquired ... through the effort, skill, or industry of either spouse; ... and all other property not classified by law as separate property," is classified as community property. La. C.C. art. 2338 (emphasis added). Separate property includes "property acquired by a spouse prior to the establishment of a community property regime ...." La. C.C. art. 2341 (emphasis added).
Accepting the allegations at issue as true, the movable property obtained during the marriage by Mr. Hand, while a Louisiana domiciliary, was acquired outside of a community property regime. Thus, as a matter of Louisiana law, those movables are Mr. Hand's separate property. See La. C.C. art. 2341. Mr. Hand's separate property is his "exclusively." Id. To hold otherwise, would require this court to ignore the clear provisions of Civil Code articles 2341 and 3523.
This is not a case where both spouses, either together or separately, resided in Louisiana at some point during the marriage, nor is it one where the matrimonial domicile was moved to Louisiana. See, e.g., Robinson v. Robinson, 99-3097 (La.1/17/01), 778 So.2d 1105; In re Succession of Hubbard, 2000-2412 (La.App. 1 Cir. 12/28/01), 803 So.2d 1074. Nothing in Civil Code articles 2338, 2341, or 3523 requires or allows a different application of our classification articles merely because one of the spouses never resided in Louisiana. Mrs. Hand is being treated in the same manner as any Louisiana spouse asserting a claim against separate property of the other spouse. While Civil Code article 3526(2) does allow for the possibility of a "value" distribution for separate property acquired by a spouse while domiciled outside of Louisiana, the legislature chose *624 not to include such a possibility in article 3523. This lack of positive law in support of her position may be why Mrs. Hand argues that principles of equity or unjust enrichment dictate that she be afforded the protection of community property or equal distribution of marital property. However, under the principles of our Civil Code, we may not rely on equity in the face of specific applicable unambiguous provisions of positive law. See La. C.C. arts. 1-4 & 9. Louisiana law clearly requires the establishment of a community regime as the threshold for the protection she seeks. See La. C.C. arts. 2338 & 2341. We cannot misinterpret unambiguous Louisiana laws to effect a national equality in marital property distribution laws.
Under the facts here, we also find no basis, or legal remedy in Louisiana law, for Mrs. Hand's claim to pre-marital property. In particular, the Civil Code articles designated for consideration by our supreme court govern marital property, not movables acquired by Mr. Hand prior to the marriage. An analysis utilizing only Louisiana's classification articles produces the same result. The pre-marital movables are Mr. Hand's separate property and are to be distributed to him. See La. C.C. arts. 2338 & 2341.
Mrs. Hand's claim for mismanagement of community assets is obviously dependent on the existence of community property. In the absence of any community property, Mrs. Hand failed to state a claim for mismanagement of community assets.
For these reasons, we find that Mrs. Hand failed to state a cause or causes of action under Civil Code article 3523, et seq. Therefore, the trial court's judgment maintaining Mr. Hand's exception of no cause of action is affirmed. The costs of the appeal are assessed to defendant-appellant, Mrs. Hand.
AFFIRMED.
FOIL and GUIDRY, JJ., concur.
NOTES
[1] Michael A. Patterson, serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] For purposes of this opinion, the term marital property or asset is defined as property acquired during the marriage, regardless of its classification as community or separate property.
[3] Fitzsimmons, J., dissented and assigned reasons.
[4] The claim for movables acquired before Mr. Hand moved to Louisiana is based on a different and severable cause of action. The operative facts of that claim are distinct from the facts underlying the acquisitions at different times of the different movables at issue on the appeal. See Shinew v. Luciano Refrigerated Transport, Inc., 96-2454, p. 3 (La.App. 1 Cir. 11/19/97), 706 So.2d 140, 141.