580 So.2d 981 (1991)
Bernadette Prejean, Wife of/and Douglas J. CLEMENT
v.
Frank L. McNABB, Applied Hydraulic Systems, Inc. and Jerry L. Herman.
No. CA 90 0221.
Court of Appeal of Louisiana, First Circuit.
May 16, 1991.
*982 Trudy H. Oppenheim, New Orleans, for plaintiffs and appellantsBernadette Prejean et al.
Charles Hanemann, Houma, for defendants and appelleesFrank L. McNabb and Applied Hydraulic Systems.
Before LOTTINGER, SHORTESS and CARTER, JJ.
LOTTINGER, Judge.
This is an appeal by plaintiffs from the granting of the defendants' peremptory exception raising the objection of no right of action. The plaintiffs, Bernadette Prejean and Douglas J. Clement, filed suit against the defendants, Frank L. McNabb, Applied Hydraulics, Inc., and Jerry L. Hermann,[1] for breach of contract, breach of fiduciary duty to the corporation, and fraud.
The plaintiffs allege that the defendant McNabb breached an oral contract to pay off the mortgage on the plaintiffs' home, breached an oral contract to return certain shares in the defendant corporation to them and to maintain their ownership in the corporation at 20% of the outstanding shares, and breached his fiduciary duty to the corporation by causing it to pay his personal debts.
The plaintiffs seek damages for breach of the contract to pay off the mortgage, the return of the stock they claim that defendant McNabb promised them, to be declared the owners of 20% of the defendant corporation, and the reimbursement of the corporation for the personal debts of Mr. McNabb paid by it. Plaintiffs also sought to have a receiver appointed to manage the affairs of the corporation, to have an accountant appointed to audit the books of the corporation, or alternatively, to have a liquidator appointed to liquidate the assets of the corporation for distribution to the shareholders.
The plaintiffs requested, and the trial court scheduled, a hearing ordering the defendants to show cause why a liquidator or a receiver should not be appointed to either liquidate or operate the corporation and why an accountant should not be appointed to audit the books of the corporation. The defendants then filed peremptory and dilatory exceptions raising the objections of no cause of action, no right of action, and unauthorized use of summary procedure.
After hearing arguments on the exceptions, the trial court maintained the defendants' peremptory exception raising the objection of no right of action[2] and dismissed the plaintiffs' rule. The trial court relied on provisions of the LBCL,[3] and held that since the parties stipulated that the plaintiffs owned less than 1% of the outstanding *983 stock of the corporation,[4] the plaintiffs had no right to obtain the relief they were seeking.[5] The plaintiffs have appealed from this judgment.
Although the trial court arrived at the correct result, it used the wrong procedural device to get there. The Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action. Cenac Towing Co. v. Cenac, 413 So.2d 1351, 1352 (La.App. 1st Cir.1982). If a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained. Cenac, 413 So.2d at 1352. The reason for this rule is to prevent the piecemeal trial or appeal of claims based on the same facts. Cenac, 413 So.2d at 1352.
In addition to seeking to examine the books of the corporation and to have a receiver or liquidator appointed, the plaintiffs have alleged breach of contract, fraud, and breach of fiduciary duty to the corporation on the part of defendant McNabb. The plaintiffs are certainly the proper parties to seek enforcement of the verbal contracts that they allege existed between them and the defendant McNabb. Therefore, the trial court erred in sustaining the defendant's peremptory exception raising the objection of no right of action.
The procedurally proper resolution would have been for the trial court to sustain the defendants' dilatory exception raising the objection of unauthorized use of summary proceedings with respect to plaintiffs' rule seeking the appointment of a receiver, or alternatively, a liquidator. Both of these remedies require a trial on the merits. La.R.S. 12:143 E and La.R.S. 12:151 A; Bunn v. O.L. Bunn, Inc., 341 So.2d 629, 631 (La.App. 4th Cir.1977).
Finding no prohibition in the LBCL to the use of summary procedure to appoint an accountant to examine the books and records of the corporation, the appointment of the accountant should have been handled on the merits. Since the parties stipulated that the plaintiffs owned less than 1% of the outstanding stock of the corporation, and La.R.S. 12:103 provides that a stockholder or group of stockholders must own at least 5% of the outstanding stock in order to have the right to examine the corporate books and records, the plaintiffs were not entitled to examine the books and records of the corporation. Therefore, the trial court should have denied plaintiffs' request for the appointment of an accountant to examine the books and records of the corporation on the merits.
In the interest of justice and pursuant to this court's power to render any judgment which is just, legal, and proper upon the record before us,[6] we hereby modify the judgment of the trial court and grant the defendants' dilatory exception raising the objection of unauthorized use of summary procedure insofar as the plaintiffs seek the appointment of a receiver or a liquidator via summary proceeding.
The plaintiffs' request for the appointment of an accountant to examine the books and records of the corporation is hereby denied on the merits, as the plaintiffs do not own enough stock to demand this relief.[7]
Therefore, for the above and foregoing reasons, the judgment of the trial court insofar as it maintained the peremptory exception raising the objection of no right of action is reversed; the defendants' dilatory exception raising the objection of unauthorized *984 use of summary procedure insofar as plaintiffs seek the appointment of a receiver or a liquidator is granted; and plaintiffs' request for the appointment of an accountant to examine the books and records of the corporation is denied. All costs of this proceeding are divided equally between plaintiffs and defendants.
REVERSED AND RENDERED.
NOTES
[1] Jerry L. Hermann was subsequently voluntarily dismissed from this suit by plaintiffs.
[2] The trial court did not rule on the exceptions raising the objections of no cause of action or unauthorized use of summary procedure.
[3] The Louisiana Business Corporation Laws, La. R.S. 12:1-12:178. Specifically the trial court relied on La.R.S. 12:151 A(6), which mandates that a shareholder or group of shareholders must own 20% of the stock to have a receiver appointed in the case of a deadlock on the board of directors or between the shareholders in electing directors, and La.R.S. 12:103 which provides that a shareholder or group of shareholders must own 5% of the stock in order to examine the records of the corporation. We note that La.R.S. 12:143 B(1) mandates that a shareholder or group of shareholders must own 20% of the stock before instituting liquidation proceedings.

We further note that La.R.S. 12:151 A(5) provides that any shareholder can have a receiver appointed upon a showing that a majority of the shareholders are violating the rights of minority shareholders and endangering their interests. However, the appointment of a receiver pursuant to La.R.S. 12:151 or the involuntary dissolution and appointment of a liquidator pursuant to La.R.S. 12:143 both require a trial on the merits. Summary procedure is inappropriate. Bunn v. O.L. Bunn, Inc., 341 So.2d 629, 631 (La.App. 4th Cir.1977).
[4] Although plaintiffs dispute that they entered into such a stipulation, since we do not have the transcript of the hearing before us, nor any other evidence which would contradict the trial court's ruling, we must accept the trial court's statement in its reasons for judgment that such a stipulation was entered into by the parties.
[5] The appointment of a receiver and accountant, or alternatively, a liquidator.
[6] La.Code of Civ.Pro. art. 2164.
[7] We note that if the plaintiffs are declared to own 5% or more of the outstanding stock after a resolution of its breach of contract claim, then they can bring a rule to be allowed to examine the corporate records at that time.