671 So.2d 15 (1996)
Fay Baldwin POY, Kenneth Baldwin and Pauline Baldwin Benway,
v.
TWIN OAKS NURSING HOME, INC. and the Scottsdale Insurance Company.
No. 95-CA-889.
Court of Appeal of Louisiana, Fifth Circuit.
February 14, 1996.
*16 Robert L. Raymond, Destrehan, for Plaintiffs/Appellants, Fay Baldwin Poy, Kenneth Baldwin and Pauline Baldwin Benway.
Frederick H. Dwyer, Bailey, Rossi & Kincade, Metairie, for Defendants/Appellees, Twin Oaks Nursing Home, Inc. and Scottsdale Ins. Co.
Before BOWES, DUFRESNE and WICKER, JJ.
BOWES, Judge.
Plaintiffs, Fay Baldwin Poy, Kenneth Baldwin and Pauline Baldwin Benway (hereinafter the "Baldwins"), appeal a judgment of the district court maintaining an exception of no cause of action in favor of defendants, Twin Oaks Nursing Home and The Scottsdale Insurance Company (hereinafter collectively "Twin Oaks"). For the following reasons, we annul and set aside the judgment and remand the case for further proceedings.
The Baldwins filed suit against defendants in January of 1995, alleging that their father, Otis Brown, was a patient in the custody and care of Twin Oaks when he wandered out into the street and was struck and killed by an automobile. The Baldwins further alleged in their petition that the death was caused by negligence and gross negligence of Twin Oaks, in which the home was accused, among other things, of failing to keep the decedent under observation, failing to keep him under proper restraint, and failing to provide proper and necessary care. Breach of the contract between the decedent, his family, and Twin Oaks was also alleged. In addition, plaintiffs urged that Twin Oaks was guilty of statutory violations, and cited specifically La.R.S. 40:2009.21(A); 2010.8(7); and the Code of Federal Regulations, 42 C.F.R. § 483 et seq. Plaintiffs also sought damages for the conscious pain and suffering of their deceased father, his humiliation, anguish and suffering, as well as loss of affection and society on their behalf.[1]
*17 Twin Oaks filed an answer contemporaneous with an exception of no right of action. Specifically, Twin Oaks averred that the plaintiffs had no right of action under La. R.S. 40:2010.9, which states as follows:
La.R.S. 40:2010.9, Civil enforcement
A. Any resident whose rights, as specified in R.S. 40:2010.8, are deprived or infringed upon shall have a cause of action against any nursing home or health care facility responsible for the violation. The action may be brought by the resident or his curator, including a curator ad hoc. The action may be brought in any court of competent jurisdiction to enforce such rights and to recover actual damages for any deprivation or infringement on the rights of a resident. Any plaintiff who prevails in such action shall be entitled to recover reasonable attorney's fees, costs of the action, and damages, unless the court finds that the losing plaintiff has acted in bad faith with malicious purpose, and that there was an absence of a justiciable issue of either law or fact, in which case the court shall award the prevailing party his reasonable attorney fees.
B. The remedies provided in this action are in addition to and cumulative with other legal and administrative remedies available to a resident and to the Department of Health and Human Resources or other governmental agencies.
Twin Oaks urged that because the petition did not allege plaintiffs to be either residents of Twin Oaks, or curators, that they had no right to bring this action under R.S. 40:2010.9. After a hearing, the trial court maintained the exception only as to that portion of the claim brought under R.S. 40:2010.9, stating thusly:
... a cause of action under R.S. 40:2010.9, concerns an infringement or deprivation of the rights enumerated in R.S. 40:2010.8 only. It is not intended for the cause which forms the basis of this action.
From the judgment, the plaintiffs have appealed, alleging that the judgment was procedurally erroneous and promotes piecemeal litigation; further, plaintiff urge that as the only surviving heirs and children of Mr. Brown, the cause of action under R.S. 4010.9 survives in their favor.

ANALYSIS
Under La.C.C.P. art. 927(5), a defendant may plead the exception of no right of action, or no interest in the plaintiff to institute the suit. The purpose of the peremptory exception of no right of action is to test whether plaintiff has an interest in enforcing the matter asserted or whether plaintiff has the capacity to file the action. Dufour v. Westlawn Cemeteries, Inc., 94-81 (La. App. 5th Cir. 6/28/94), 639 So.2d 843; D'Abreu v. Diesel Power International, Inc., 625 So.2d 540, 544 (La.App. 5 Cir.1993). In determining whether a plaintiff has a right of action, the court looks at whether plaintiff belongs to a particular class of persons to whom the law grants a remedy for the particular grievance. Dufour, supra.
In the present case, plaintiffs assert that they are the adult children of the decedent, Mr. Brown. The petition stated causes of action for negligence and breach of contract, as well as for statutory violations of R.S. 40:2010.8 and the Code of Federal Regulations. Under La.C.C. art 2315.1-2, the plaintiffs have the following actions:
La.C.C. art 2315.1 states in pertinent part:
A. If a person who has been injured by an offense or quasi-offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi-offense, shall survive for a period of one year from the death of the deceased in favor of:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children ...
Under La.C.C. art 2315.2:
A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children ...
Pretermitting the question of whether the children have the right to bring a cause of action under La.R.S. 40:2020.9, they clearly *18 have the right to bring a tort action for the death of their father. As a result, the judgment on appeal is obviously a partial judgment as it does not determine all of the issues presented in the petition.
La.C.C.P. art. 1915 allows partial final judgments in the following circumstance:
A. A final judgment may be rendered and signed by the court, even though it may not grant the successful party all of the relief prayed for, or may not adjudicate all of the issues in the case, when the court:
(1) Dismisses the suit as to less than all of the plaintiffs, defendants, third party plaintiffs, third party defendants, or interveners.[2]
The First Circuit has directly addressed the issue of partial exceptions of no right of action in several cases. In Clement v. McNabb, 580 So.2d 981 (La.App. 1 Cir.1991), the court stated:
The Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action. Cenac Towing Co. v. Cenac, 413 So.2d 1351, 1352 (La.App. 1st Cir.1982). If a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained. Cenac, 413 So.2d at 1352. The reason for this rule is to prevent the piecemeal trial or appeal of claims based on the same facts. Cenac, 413 So.2d at 1352.
See also Sutton v. Lambert, 657 So.2d 697 (La.App. 1 Cir.1995).
We agree with this holding, especially in light of Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La. 1993). There, our Supreme Court considered the judgment partially maintaining an exception of no cause of action. The court stated:
If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally in appropriate. [Emphasis added].
The Court found that when the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence:
... the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery.
Everything on Wheels, v. Subaru, supra.
The reasoning in Subaru, supra. as to partial exceptions of no cause of action, derives from the court's concern for the uneconomical use of judicial time. First Nat. Bank of Jefferson Parish v. Lloyd's Underwriters, 629 So.2d 507 (La.App. 5 Cir.1993). In that case, in which we discussed partial summary judgments, we declared as follows:
The Court explained in Subaru that the purpose of their decision was to promote and foster judicial efficiency, thereby preventing a multiplicity of appeals which forces an appellate court to consider the merits of the action in a piecemeal fashion.
The same concern for judical efficiency, and the same logic of Subaru, supra, applies in partial exceptions of no right of action. The petition in the present case *19 states several theories of recovery based on a single occurrence, the accidental death of the plaintiffs' father. The judgment on appeal did not totally dismiss any party from this litigation; rather, merely one theory of recovery was ruled out. The result is this current piecemeal litigation and uneconomical use of judicial time, both in the trial and the appellate courts. There are several issues remaining in the district court yet to be tried.
Accordingly, we hold that a partial exception of no right of action which attacks only one theory of recovery advanced by a plaintiff, based on a single set of operative facts or a single occurrence, and which does not dismiss a party, should not be granted. Since plaintiffs have a right to bring a survivor action under La.C.C. arts. 2315.1-2315.2, supra, it was procedurally improper for the trial court to grant an exception of no right of action. Therefore, the judgment will be annulled and set aside as an impermissible partial judgment, unauthorized by the Code of Civil Procedure.

DECREE
For the foregoing reasons, the judgment maintaining the exception of no cause of action is annulled and set aside, and the case is remanded to the district court for further proceedings in accordance with this opinion. Costs are assessed to appellees.
JUDGMENT ANNULLED AND SET ASIDE; CASE REMANDED.
NOTES
[1] State Farm Mutual Automobile Insurance Company, the insurer of the driver who hit Mr. Brown, intervened in the lawsuit; State Farm had settled with the plaintiffs for $25,000.00 and alleged that it had been granted subrogation rights in the matter. The intervention is not involved in the present appeal.
[2] The remainder of Article 1915 reads as follows:

(2) Grants a motion for judgment on the pleadings, as provided by Articles 965, 968, and 969.
(3) Grants a motion for summary judgment, as provided by Articles 966 through 969, except a summary judgment rendered pursuant to Article 966(D).
(4) Signs a judgment on either the principal or incidental demand, when the two have been tried separately, as provided by Article 1038.
(5) Signs a judgment on the issue of liability when that issue has been tried separately by the court, or when, in a jury trial, the issue of liability has been tried before a jury and the issue of damages is to be tried before a different jury.
B. If an appeal is taken from such a judgment, the trial court nevertheless shall retain jurisdiction to adjudicate the remaining issues in the case.
These portions are inapplicable to the present case.