706 So.2d 140 (1997)
William and Julie SHINEW
v.
LUCIANO REFRIGERATED TRANSPORT, INC.
No. 96 CA 2454.
Court of Appeal of Louisiana, First Circuit.
November 19, 1997.
Ralph E. Smith, New Orleans, for Plaintiff-Appellant William and Julie Shinew.
Robert J. David, New Orleans, for Defendant-Appellee Luciano Refrigerated Transport, Inc.
Before LeBLANC and FITZSIMMONS, JJ., and CHIASSON, J. Pro Tem.[1]
FITZSIMMONS, Judge.
Plaintiffs, William and Julie Shinew, appealed the trial court's grant of the peremptory exception raising the objection of no right of action. The partial grant of the exception of no right of action was an interlocutory judgment. Thus, we dismiss the appeal.
William and Julie Shinew filed a suit for damages against defendant, their employer, Luciano Refrigerated Transport, Inc. (Luciano), a Louisiana corporation. The petition asserted two separate causes of action arising from different factual situations. First, the Shinews alleged a breach of a November, 1992 employment contract because Luciano failed to provide the guaranteed 5,000 plus miles of work a week. Secondly, the Shinews argued that when they resigned in October of 1993, Luciano did not pay final wages owed to the Shinews within three days after resignation: If true, a violation of La. R.S. 23:631.
On the article 631 claim, the Shinews asserted that Luciano was a Louisiana corporation, the Shinews' employment was approved in Louisiana, and that their checks were issued and mailed from Louisiana. The Shinews *141 argued that they were entitled to the benefits of Louisiana law.
Luciano submitted evidence that the Shinews were interviewed in Mississippi and Tennessee, worked out of the Tennessee terminal, lived in Ohio, their employment checks were mailed to Ohio or the Tennessee terminal, Ohio state taxes were deducted from their checks, and no Louisiana taxes were deducted. Thus, argued Luciano, the Shinews had no right of action; they were not within the class of people a Louisiana law, La.R.S. 23:631, was meant to protect. Luciano asked the trial court to a grant Luciano's exception of no right of action as to the claim based on a violation of La.R.S. 23:631.
The trial court agreed with Luciano's argument. The minute entry in the record reflects that in open court on April 7, 1995, after argument of all counsel, the trial court maintained the exception of no right of action as to the one cause of action. Because the matter was not taken under advisement, no notice of the order or judgment was required. La.C.C.P. art. 1914. The trial court signed an order on August 14, 1995, which was filed in the record on August 15, 1995. The Shinews filed a petition for appeal on August 14, 1996.
In brief, Luciano disputes the jurisdiction of this court to hear the appeal. Luciano cites Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), and asserts that a partial no right of action is not appealable. Luciano asks that the appeal be dismissed. Pretermitting any issue of the timeliness, we agree that the interlocutory order is not appealable.
The issue raised by the peremptory exception raising the objection of no right of action is whether plaintiff belongs to a particular class to which the law grants a remedy for the particular harm alleged. See La. C.C.P. art. 927(5); Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 851 (La.App. 1st Cir. 1992), writ denied, 614 So.2d 82 (La.1993). In other words, can this plaintiff assert this particular cause of action? The purpose of the peremptory exception raising the objection of no cause of action is to test the legal sufficiency of the petition asserting a cause of action. Does the law afford the asserted remedy? See La.C.C.P. art. 927(4); Stafford Construction Company, 612 So.2d at 850.
The Code of Civil Procedure does not provide for the grant of a partial exception of no right of action or of a partial no cause of action. However, our courts have allowed an exception. If two or more causes of action are based on separate and distinct operative facts, partial grants of a peremptory exception may be rendered to dismiss a cause of action, while maintaining the other pleaded causes of action. Everything On Wheels Subaru, 616 So.2d at 1239-41.
We are cognizant that appeals may be taken from final judgments or interlocutory judgments that cause irreparable harm.[2] La.C.C.P. art. 2083. Louisiana Code of Civil Procedure article 1915 lists the exclusive categories of partial judgments that may be treated as final, appealable judgments.
In Everything On Wheels Subaru, the Louisiana Supreme Court approved the partial grant of the peremptory exception of no cause of action on a distinct and separable cause of action based on a different set of operative facts. Everything On Wheels Subaru, 616 So.2d at 1239. However, Louisiana Code of Civil Procedure article 1915 does not authorize partial final judgments on exceptions of no cause of action or no right of action to be classified as final judgments, unless all or some of the parties are dismissed. Thus, the supreme court held that the partial grant of the exception of no cause of action was permissible, but was an interlocutory judgment, and not appealable. Everything On Wheels Subaru, 616 So.2d at 1241.
The Everything On Wheels Subaru analysis of whether the partial grant of an exception of no cause of action is permissible, but not appealable, is the same analysis for the partial grant of an exception of no right of *142 action. Both are peremptory exceptions: both have similar goals. Although for different reasons, the grant of the exception of no right of action removes from the court's review the disputed cause of action; the grant of the exception of no cause of action does the same. One exception focuses on the legal sufficiency of the allegations describing the cause of action; the other exception focuses on the right of the plaintiff to assert that alleged cause. If the cause of action attacked by the exception of no right of action is factually distinct and separate from the remaining cause or causes of action pled, we find no basis for a disparate treatment of partial grants of the two exceptions. Compare Poy v. Twin Oaks Nursing Home, Inc., 95-889, p. 5-9 (La.App. 5th Cir. 2/14/96), 671 So.2d 15, 18-19 (The appellate court applied the reasoning of Everything On Wheels Subaru to a partial exception of no right of action. However, the fifth circuit found the multiple theories of recovery that were pled were based on a single occurrence, and held that the partial exception was invalid).
Interestingly, here the two causes of action are separate and factually distinct. The promises made in the contract, and whether owed wages were paid within three days of demand, arise from diverse sets of operative facts. Under those circumstances, the request for a partial grant of an exception of no right of action is permissible. However, we note that the grant of the exception of no right of action removed one cause of action. It did not dismiss some or all of the parties. In this case, the trial court's grant of the exception of no right of action was an interlocutory order or judgment; as such it is not an appealable judgment. See La.C.C.P. arts. 1915.[3]
For these reasons, we dismiss the appeal. The plaintiffs' remedy is by appeal when final judgment has been rendered. Costs are assessed to the plaintiffs, William and Julie Shinew.
APPEAL DISMISSED AND CASE REMANDED.
REMY CHIASSON, J. Pro Tem., concurs in result.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Irreparable harm is not an issue here. No argument or showing of irreparable harm appears in the record.
[3] Act 483 of 1997 amended La.C.C.P. art. 1915. After an en banc hearing in Morgan v. The Earnest Corporation, 97-0869 (La.App. 1st Cir. 11/7/97), 704 So.2d 272, a majority of the judges held that Act 483 was prospective in its application. Although I personally disagree with the holding in Morgan, I am compelled to follow the en banc majority. See Morgan v. The Earnest Corporation, 704 So.2d at 277, (Fitzsimmons, J., dissenting).