715 So.2d 153 (1998)
Bart M. TALBOT and C & C Millworks, Inc.
v.
C & C MILLWORKS, INC., Richard H. Cappo, Patrick Spano and Carolyn M. Cappo.
No. 97 CA 1489.
Court of Appeal of Louisiana, First Circuit.
June 29, 1998.
*154 John G. Allelo, John L. Henchy, Baton Rouge, for Plaintiff/Appellant Bart M. Talbot.
David S. Gunn, Steven E. Sanders, Baton Rouge, for Defendant/Appellee C & C Millworks, Inc., Richard H. Cappo, Patrick Spano and Carolyn W. Cappo.
Before GONZALES, WHIPPLE and KUHN, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff, Bart M. Talbot, from a judgment partially maintaining defendants' exception of no right of action. For the following reasons, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Talbot is a minority shareholder in C & C Millworks, Inc. Defendants Richard Cappo and Patrick Spano are the majority shareholders *155 and the directors of the corporation. Talbot filed suit against these defendants, C & C Millworks, and the president of C & C Millworks, Carolyn Cappo, on his own behalf and on behalf of the corporation. The petition alleges that the majority shareholders and Carolyn Cappo caused Talbot personal damage as well as causing damage to C & C Millworks by granting large bonuses and profit sharing contributions to Spano and Richard Cappo to "zero out" all profits, while refusing to pay dividends. Talbot contends that, in this manner, the majority shareholders were receiving all the profits of the corporation through "disguised dividends," in which he should have participated as the remaining shareholder. The petition additionally alleges that through these actions, Carolyn Cappo and the majority shareholders have conspired for their mutual benefit to waste and divert the assets of C & C Millworks.
Thus, Talbot's suit asserts two separate causes of actions: a derivative action, claiming that defendants' actions have depleted the funds of the corporation through mismanagement to the detriment of the corporation; and an individual action, claiming that he has been caused direct damage by the payment of disguised dividends to other select shareholders, i.e., the majority shareholders, but not to him.
In response to plaintiff's petition, defendants filed a "peremptory exception of no cause of action and/or no right of action," contending that as a shareholder, Talbot did not have an individual right to proceed against the directors or officers of the corporation. Following a hearing at which the parties presented oral arguments, the trial court rendered judgment, maintaining the exception of no right of action as to Talbot's individual claim.
Talbot appeals, contending that the trial court erred: (1) in finding that Talbot had no right of action to assert a claim individually; (2) alternatively, in finding that he had no cause of action; and (3) alternatively, in failing to allow Talbot an opportunity to amend.[1]

DISCUSSION
The peremptory exception pleading the objection of no right of action tests whether the particular plaintiff falls, as a matter of law, within the particular class to which the law grants a remedy for the particular harm alleged. LSA-C.C.P. art. 927(5); Stafford Construction Company, Inc. v. Terrebonne Parish School Board, 612 So.2d 847, 851 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993). This objection is a threshold device to terminate a suit brought by one who has no interest in enforcing judicially the right asserted. Stafford, 612 So.2d at 851. Evidence supporting or controverting the exception is admissible, but the objection of no right of action cannot be used simply because there may be a valid defense to the proceeding. To prevail on the exception of no right of action, the defendant must show that the plaintiff does not have an interest in the subject matter of the suit or legal capacity to proceed with the suit. Falco Lime, Inc. v. Plaquemine Contracting Co., Inc., 95-1784, pp. 5-6 (La.App. 1st Cir. 4/4/96), 672 So.2d 356.
In partially maintaining defendants' exception of no right of action, the trial court ruled that plaintiff had no legal capacity to proceed individually against defendants, but did have the right to proceed with a shareholder's derivative action. Thus, the effect of this judgment was to dismiss one of the claims *156 asserted by plaintiff, without dismissing plaintiff from the suit.
This court has previously held that the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action, and, thus, if a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained. Clement v. McNabb, 580 So.2d 981, 983 (La.App. 1st Cir.1991); Cenac Towing Co. v. Cenac, 413 So.2d 1351, 1352 (La.App. 1st Cir.1982).
Most recently, however, in Shinew v. Luciano Refrigerated Transport, Inc., 96-2454, p. 4 (La.App. 1st Cir. 11/19/97), 706 So.2d 140, 141-142, this court, applying the rationale of Everything On Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993), reasoned that the partial grant of an exception of no right of action which does not dismiss a party may be permissible, although not immediately appealable, where the cause of action attacked by the exception of no right of action is factually distinct and separate from the remaining cause or causes of action pled. On the other hand, where the plaintiff pleads multiple theories of recovery based on a single occurrence or set of operative facts, the partial grant of an exception of no right of action which attacks only one theory of recovery and which does not dismiss a party would be invalid as an impermissible partial judgment.[2]See Shinew, 96-2454 at pp. 4-5, 706 So.2d at 142; Poy v. Twin Oaks Nursing Home, Inc. 95-889, pp. 8-9 (La.App. 5th Cir. 2/1/96), 671 So.2d 15, 18-19.
In the instant case, it is clear that the two causes of action alleged are based on the same set of operative facts. This set of "operative facts" is the alleged action of Spano, Richard Cappo and Carolyn Cappo in paying out dividends disguised as bonuses to Spano and Richard Cappo, both to the exclusion of plaintiff and to the detriment of C & C Millworks.
As the alleged officers and directors of the corporation, these defendants stand in a fiduciary relationship to the corporation's shareholders, as well as the corporation itself. LSA-R.S. 12:91; Palowsky v. Premier Bancorp, Inc., 597 So.2d 543, 545 (La.App. 1st Cir.1992). Where any loss to the corporation itself results from an alleged breach of this fiduciary duty, suit must be brought as a derivative action by a shareholder on behalf of the corporation. LSA-C.C.P. art. 611. It is undisputed that plaintiff is a shareholder in C & C Millworks. Thus, as a shareholder in C & C Millworks, plaintiff clearly has an interest in the subject matter of this derivative suit and is within the particular class of persons who may bring an action on behalf of the corporation. Palowsky, 597 So.2d at 545-547.
Because plaintiff had a lawful right pursuant to LSA-C.C.P. art. 611 to bring a shareholder's derivative suit, which action is based on the same set of "operative facts" as the personal action he asserts, it was procedurally improper for the trial court to maintain an exception of no right of action. See Poy, 95-889 at p. 8, 671 So.2d at 19; cf. Shinew, 96-2454 at p. 5, 706 So.2d at 142; see also Clement, 580 So.2d at 983.
Additionally, with respect to the personal action plaintiff has asserted, we note that where the breach of a fiduciary duty causes loss to a shareholder personally, i.e., a direct loss to a shareholder which is not suffered by all shareholders of the corporation, *157 that shareholder may have a right to sue individually. Palowsky, 597 So.2d at 545. Plaintiff herein has alleged that he has suffered a loss which the other shareholders have not suffered, i.e., the payment of dividends to all shareholders but himself.
At the hearing on the exceptions, defendants offered no evidence to carry their burden of proving that plaintiff had no right of action in his individual capacity to bring this claim against them. Although defendants made certain factual allegations in brief and at oral argument, no evidence was submitted in support thereof, and these allegations are not supported by the record.
Therefore, we conclude that the judgment of the trial court, partially maintaining defendants' exception of no right of action was invalid and must be reversed. Clement, 580 So.2d at 983; Poy, 95-889 at pp. 8-9, 671 So.2d at 19.

CONCLUSION
For the above and foregoing reasons, the January 17, 1997 judgment of the trial court, which partially maintained defendants' exception of no right of action is reversed. This matter is remanded for further proceedings consistent with the views expressed herein. Costs of this appeal are assessed against defendants, C & C Millworks, Inc., Richard H. Cappo, Patrick Spano, and Carolyn W. Cappo.
REVERSED AND REMANDED.
NOTES
[1] We note that in oral reasons for judgment, the trial court stated that it was "going to grant the no cause of action dismissing the claim of Mr. Talbot in his individual capacity." However, the judgment which was signed by the trial court maintained the exception of no right of action as to Talbot individually and was silent as to the exception of no cause of action.

Where there is a discrepancy between the judgment and the reasons for judgment, the judgment prevails. Louisiana Insurance Guaranty Association v. International Insurance Company, 551 So.2d 50, 51 (La.App. 1st Cir.1989). Additionally, where a judgment is silent as to any part of a demand or any issue that was litigated, that issue or demand is deemed rejected. Erich Sternberg Realty Company, Inc. v. Louisiana Tax Commission, 560 So.2d 868, 876 n. 7 (La.App. 1st Cir.), writ denied, 567 So.2d 107 (La.1990). Thus, we conclude that the only issue before us is the propriety of the trial court's partially maintaining the exception of no right of action.
[2] Act No. 483 of the 1997 Regular Session amended LSA-C.C.P. art. 1915 to provide in subsections (B)(1) and (2) that a judgment maintaining an exception in part "as to one or more but less than all of the claims, demands, issues, theories, or parties" shall not constitute a final judgment, for the purpose of an immediate appeal unless specifically agreed to by the parties or unless designated as a final judgment by the court. Thus, it appears that under the amended version of article 1915, a permissible partial exception of no right of action may also be appealable if agreed to by the parties or so designated by the trial court.

In Morgan v. Earnest Corporation, 97-0869, p. 6 (La.App. 1st Cir. 11/7/97), 704 So.2d 272, 275, writ denied, 97-3031 (La.2/20/98), 709 So.2d 775, this court held that the provisions of Act No. 483 which amended LSA-C.C.P. art. 1915 apply prospectively only, to initial rulings issued on or after July 1, 1997, the effective date of the Act. Thus, the amended version of LSA-C.C.P. art. 1915 is inapplicable herein.