LISA PARKER, ET AL.     *     NO. 2020-CA-0492

VERSUS     *

          COURT OF APPEAL

PALADIN CONTRACTORS,     *
LLC, ET AL.            FOURTH CIRCUIT

         *

          STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
25TH JDC, PARISH OF PLAQUEMINES
NO. 65-931, DIVISION "A"
Honorable Kevin D. Conner, Judge
* * * * * *
**Judge Rosemary Ledet**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge
Regina Bartholomew-Woods)

William A. Roe
ATTORNEY AT LAW
2011 Milan Street
New Orleans, LA 70115

    COUNSEL FOR PLAINTIFFS/APPELLANTS

Timothy Thriffiley
David Michael Hufft
PIVACH PIVACH HUFFT THRIFFILEY & NOLAN, L.L.C.
8311 Highway 23, Suite 104
Belle Chase, LA 70037

    COUNSEL FOR DEFENDANTS/APPELLEES

**APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT
REVERSED AND REMANDED; MOTION TO DISMISS APPEAL
DENIED**

**March 3, 2021**

This suit involves a dispute over a deceased member's interest in a Louisiana limited liability company ("LLC")—Paladin Contractors, LLC ("Paladin"). The trial court's judgment from which this appeal is taken grants two partial peremptory exceptions—no right of action and no cause of action. We find the judgment is not appealable. Nonetheless, we convert the appeal to an application for supervisory writ, grant the writ, reverse, and remand.

## FACTUAL AND PROCEDURAL BACKGROUND[1]

Cordell Parker founded a business that ultimately became an LLC—Paladin. At all relevant times, Paladin had five members; and each member, including Mr. Parker, owned an equal (20%) interest. Paladin's operating agreement, dated January 1, 2015, provided—consistent with the default LLC law—that each member was entitled to an equal distribution of the company's profits. *See* La. R.S. 12:1324(B) (providing that "[t]o the extent such operating agreement does not so provide in writing, distributions shall be made equally to the members"). Paladin's operating agreement was silent as to the consequences of an individual

---

[1] Given the procedural posture of this case, the facts recited in this opinion are taken from the plaintiffs' petition.

1

member's death; thus, the death of an individual member was governed by the default LLC law. *See* La. R.S. 12:1333(A) (providing that "if a member who is an individual dies . . . , the member's membership ceases and the member's executor, administrator, guardian, conservator, or other legal representative shall be treated as an assignee of such member's interest in the limited liability company").

In November 2015, Mr. Parker died. Following his death, his surviving spouse, Lisa Parker, opened his succession and became his administrator. Thereafter, Ms. Parker, on behalf of herself, Mr. Parker's succession, and Paladin filed this suit alleging that Paladin had failed to distribute any profits to her as an assignee. In a single petition, Ms. Parker cumulated two separate actions: a damages action against Paladin and its four remaining members—Austin, Shannon, and Jared Barbin and Brandon Head (collectively "Members"); and (ii) a derivative action against only Members.

The crux of Ms. Parker's claims in both actions is that Members and Paladin (collectively "Defendants") have violated Paladin's operating agreement and Louisiana law by failing to distribute to her Mr. Parker's pro rata share of Paladin's profits since he died. In support, Ms. Parker avers that "substantial profits, perks, fringe benefits, automobile leases to relatives of [M]embers, credit card payments, and other forms of compensation have been paid" to Members without distributing to her, as Mr. Parker's assignee, her pro rata share. Included in Ms. Parker's damages action are four types of claims: (i) breach of Paladin's operating agreement; (ii) breach of fiduciary duty; (iii) fraud; and (iv) negligence for failing to equally disburse the profits.

In Ms. Parker's derivative action, she reiterates each allegation of fact and law that she pled in her damages action and adds a claim under La. R.S. 12:1328,

averring that Members are "liable to the limited liability company for the reimbursement of the distribution of profits, income, and proceeds from the operation of the company to these four Members in that such disbursements exceed the amount authorized by the Operating Agreement of Paladin Contractors, LLC."

In response, Defendants filed the following six exceptions: no right of action, vagueness, no cause of action, prescription, peremption, and non-joinder of a party. Defendants' exceptions of no right of action, prescription, peremption, and non-joinder of a party were directed to the derivative action;[2] their exception of no cause of action was directed to the damages action against Members only; and their exception of vagueness was directed to the damages action against all Defendants.

Following a hearing, the trial court took the matter under advisement. On July 22, 2020, the trial court rendered judgment, ruling as follows:

- Granting the exception of no right of action, dismissing the derivative action, reasoning that "as only a member of a limited liability company has legal standing to bring a derivative action on behalf of the LLC, and plaintiff Lisa S. Parker is not a member of Paladin Contractors, LLC";

- Denying the exceptions of prescription, peremption, and non-joinder of a party as moot given its dismissal of the derivative action;

- Granting in part the exception of no cause of action dismissing all claims asserted in the damages action against Members except for claims based on Members' alleged fraud; and

- Denying the exception of vagueness pertaining to the allegations of fraud against all Defendants.

This appeal by Ms. Parker followed.

## JURISDICTION

---

[2] The non-joinder of a party relates to Ms. Parker's failure to join Paladin as a defendant in the derivative action. Ms. Parker represents in her appellant brief that she has filed an amended petition joining Paladin. A copy of that pleading is not in the designated record on appeal. The peremptory and prescription exceptions are based on the two-year prescriptive period applicable to claims for improper distributions. La. R.S. 12:1328(C).

3

Defendants have filed a motion to dismiss this appeal, arguing that we lack appellate jurisdiction. Defendants contend that "[a]lthough the trial court granted the Appellees' exceptions of no right of action with regard to the purported derivative action, and granted the exceptions of no cause of action against the individual defendants (but not the company), the July 22, 2020 judgment did not dismiss any party from this lawsuit." It follows, Defendants contend, that the trial court's judgment is a partial judgment that was required to be certified as final by the trial court under La. C.C.P. art. 1915 to be appealable. Because the judgment was not certified as final, Defendants contend that this court lacks jurisdiction over this appeal.

Ms. Parker counters that the judgment was not required to be certified as final to be appealable because it dismisses her entire derivative action. She emphasizes that she brought two separate and distinct actions—a damages action and a derivative action—in one consolidated petition and that her petition contains two separate captions. According to Ms. Parker, the trial court rendered two judgments: (i) a final judgment dismissing her entire derivative action and "terminat[ing] one of two distinct and separate actions"; and (ii) a partial judgment granting of an exception of no cause of action in part as to her damages action. Ms. Parker acknowledges that the second judgment is an interlocutory judgment, but she cites this court's jurisprudence holding that an interlocutory judgment can be reviewed as part of an unrestricted appeal of a final judgment, which she claims she filed.

Contrary to Ms. Parker's contention, simply because her derivative action is separately captioned in the petition does not transform her derivative action into a separate and distinct action. This court is bound by the principle that "[e]very

4

pleading shall be so construed as to do substantial justice." La. C.C.P. art. 865. Ms. Parker filed a single petition in which she cumulated two actions—a damages action and a derivative action. In response, Defendants filed one-half dozen exceptions. The trial court rendered only one judgment, dated July 22, 2020, which granted in part two of Defendants' peremptory exceptions, but dismissed none of the parties. Ms. Parker filed only one appeal from the July 22, 2020 judgment.

None of the categories enumerated in La. C.C.P. art. 1915(A), making a partial judgment appealable, applies here; the July 22, 2020 judgment does not:

- dismiss the suit as to any party;

- grant a motion for judgment on the pleadings;

- pertain to an incidental demand that was tried separately;

- adjudicate the issue of liability; or

- impose sanctions or disciplinary action.

*Quality Envtl. Processes, Inc. v. Energy Dev. Corp.*, 16-0171, p. 7 (La. App. 1 Cir. 4/12/17), 218 So.3d 1045, 1054. Given the July 22, 2020 judgment is not a final judgment for purposes of an immediate appeal under the provisions of La. C.C.P. art. 1915(A), this court's appellate jurisdiction is contingent upon the trial court properly designating the judgment as a final judgment pursuant to La. C.C.P. art. 1915(B)(1). *See* La. C.C.P. arts. 1911(B) and 2083. The trial court made no such designation. In the absence of such determination, a partial judgment is not appealable. *See Khoobehi Properties, L.L.C. v. Baronne Dev. No. 2, L.L.C.*, 15-117, p. 6 (La. App. 5 Cir. 11/19/15), 178 So.3d 647, 650.[3]

---

[3] La. C.C.P. art. 1915(B) has two subparts:

Although the July 22, 2020 judgment is a non-appealable judgment, this court has exercised its discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs when the following two conditions are met:

- The motion for appeal has been filed within the thirty-day time period allowed for the filing of an application for supervisory writs under Rule 4-3 of the Uniform Rules, Courts of Appeal; and

- When the circumstances indicate that an immediate decision of the issue sought to be appealed is necessary to ensure fundamental fairness and judicial efficiency, such as where reversal of the trial court's decision would terminate the litigation.

*Mandina, Inc. v. O'Brien*, 13-0085, p. 8 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104; *see also Stelluto v. Stelluto*, 05-0074, p. 7 (La. 6/29/05), 914 So.2d 34, 39 (observing that "the decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts"). Both conditions are met here. First, the motion for appeal was filed within thirty days of the date of the notice of judgment. Second, fundamental fairness and judicial efficiency warrant our exercising the discretion to do so. Accordingly, we deny Defendants' motion to dismiss the appeal, convert the appeal to an application for supervisory writ, and address Ms. Parkers' arguments under our supervisory jurisdiction.

## DISCUSSION

- "[T]he judgment shall not constitute a final judgment unless it is designated as a final judgment by the court after an express determination that there is no just reason for delay." La. C.C.P. art. 1915(B)(1); and

- "In the absence of such a determination and designation, any such order or decision shall not constitute a final judgment for the purpose of an immediate appeal and may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties." La. C.C.P. art. 1915(B)(2).

*See also* La. C.C.P. art. 1911(B) (providing, in part, that "[n]o appeal may be taken from a partial final judgment under Article 1915(B) until the judgment has been designated a final judgment under Article 1915(B)").

6

Ms. Parker assigns as error the trial court's grant of Defendants' exceptions of no cause of action and no right of action. We, however, find that the dispositive issue is a procedural one—whether the trial court granted impermissible partial exceptions of no cause of action and no right of action. We separately address each partial exception.

*Partial Exception of No Cause of Action*

The function of an exception of no cause of action is to determine "whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition." *Badeaux v. Sw. Computer Bureau, Inc.*, 05-0612, p. 7 (La. 3/17/06), 929 So.2d 1211, 1217. "In reviewing a district court's ruling sustaining an exception of no cause of action, appellate courts conduct a de novo review because the exception raises a question of law and the district court's decision is based only on the sufficiency of the petition." *Id.*

As this court has observed, the jurisprudence of this state "has long disfavored the granting of partial exceptions of no cause of action." *Scott v. Zaheri*, 14-0726, p. 3 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 782-83 (citing *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993)). The reason for this disfavor is that granting a partial exception of no cause of action fosters multiple appeals, "which forces an appellate court to consider the merits of the action in a piecemeal fashion." *Zaheri*, 14-0726, p. 17, 157 So.3d at 789. Given this disfavor, the Louisiana Supreme Court in the *Subaru* case formulated a framework designed to result in "only one appeal in most cases." *Subaru*, 616 So.2d at 1242; *see also First Nat. Bank of Jefferson Par. v. Lloyd's Underwriters*, 629 So.2d 507, 512 (La. App. 5th Cir. 1993) (observing that the *Subaru* framework "derives from the Court's concern for the uneconomical use of judicial time").

7

Summarized, the *Subaru* framework is as follows:

> [A] trial court, in considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, must first determine whether (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences. If the former, the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery. If the latter, the court should maintain the exception in part . . . .

616 So.2d at 1242.[4] Explaining the difference between these two categories, the Supreme Court in the *Subaru* case observed:

> There is only one cause of action (although several demands or theories of recovery may be asserted thereon) when the operative facts of one transaction or occurrence give rise to the plaintiff's right to assert the action against the defendant. However, there are separate and distinct causes of action when the operative facts of separate and distinct transactions or occurrences give rise to the plaintiff's right to assert various actions against the defendants.

616 So.2d at 1238-39.

---

[4] The more expansive statement of the formulation is set forth elsewhere in the *Subaru* case as follows:

> [W]e formulate two general rules regarding partial judgments on exceptions of no cause of action.

> If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate.

> However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits. In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate. However, the question remains whether that partial judgment is a final judgment which must be appealed in order to prevent the judgment from acquiring the authority of the thing adjudged.

616 So.2d at 1239 (internal footnotes omitted).

Here, the trial court granted in part Defendants' exception of no cause of action dismissing all claims asserted in Ms. Parker's damages action against Members except for claims based on Members' alleged fraud. Defendants contend that the trial court's ruling granting a partial no cause of action is correct because this case falls into the second *Subaru* category—the operative facts of separate and distinct transactions or occurrences give rise to Ms. Parker's right to assert various actions. According to Defendants, Ms. Parker's fraud claims against Members are separate and distinct from her other claims asserted against them, which Defendants describe as based simply on a failure to pay a distribution to an assignee.[5] In support of this position, Defendants enumerate the following allegations that they contend Ms. Parker relies upon in her petition to support her fraud claims:

- Appellees informed Appellant she would not be receiving income from Paladin;

- Appellees opposed her original lawsuit where Appellant attempted to have the trial court appoint a certified public accountant to value Paladin;

- Appellees deprive Appellant of any information regarding Paladin; and

- Appellant's belief that Appellees "cooked the books" of Paladin and concealed from Appellant the distributions she claims she is entitled to.

We find Defendants' argument unpersuasive.

The instant case falls squarely into the first *Subaru* category—the operative facts of one transaction or occurrence give rise to Ms. Parker's right to assert the entire action. The crux of Ms. Parker's entire suit is that Defendants violated

---

[5] As noted elsewhere in this opinion, Ms. Parker also asserted three other claims: breach of the operating agreement, breach of fiduciary duty, and negligence. On appeal, Ms. Parker cites the principle that partial exceptions of no cause of action are disfavored and contends that the trial court erred in dismissing any of her claims.

9

Paladin's operating agreement and Louisiana statutory law regarding the disbursement of Paladin's profits by failing to pay her the pro rata distributions that she is due as Mr. Parker's assignee. Ms. Parker's petition sets forth the same factual allegations in support of all her claims against all Defendants. She seeks not only the distributions she claims she is due, but also damages as a result of the alleged improper distributions.

Under the *Subaru* framework, this case does not present a situation in which granting a partial exception of no cause of action is permissible. *See Simmons v. Templeton*, 99-1978, p. 5 (La. App. 4 Cir. 4/12/00), 762 So.2d 63, 66 (observing that "[w]hen, as in this case, a plaintiff's theories of recovery arise out of the operative facts of the same transaction or occurrence and the petition states a cause of action as to any demand or theory of recovery, an exception of no cause of action should be overruled"). Accordingly, we find the trial court granted an impermissible partial exception of no cause of action and reverse the trial court's judgment granting that exception.

*Impermissible Partial Exception of No Right of Action*

The trial court also granted a partial exception of no right of action dismissing Ms. Parker's derivative action, but not her damages action. An appellate court reviews a trial court's ruling granting an exception of no right of action de novo. *See Turner v. Law Firm of Wolff & Wolff,* 07-1589, p. 2 (La. App. 4 Cir. 6/4/08), 986 So.2d 889, 891. Summarizing the principles governing the review of an exception of no right of action, this court in *N. Clark, L.L.C. v. Chisesi*, 16-0599, pp. 5-6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1016-17 (internal citations omitted), observed:

• An exception of no right of action is a threshold device to terminate a suit brought by one who has no interest in judicially enforcing the right asserted.

• "The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit."

• "'When the facts alleged in the petition provide a remedy under the law to someone, but the plaintiff who seeks the relief for himself or herself is not the person in whose favor the law extends the remedy, the proper objection is no right of action, or want of interest in the plaintiff to institute the suit.'"

• The burden of proof of establishing the exception of no right of action is on the defendant-exceptor.

• The exception of no right of action does not raise the question of the plaintiff's ability to prevail on the merits or the question of whether the defendant may have a valid defense.

• "'[O]n consideration of an exception of no right of action the averments of fact in the pleading must be taken as true in the absence of evidence to the contrary.'"

• "'In examining an exception of no right of action, a court should focus on whether the particular plaintiff has a right to bring the suit while assuming that the petition states a valid cause of action for some person.'"

• The exception of no right of action presents a question of law; thus, as noted earlier, appellate review of that exception is de novo and involves determining whether the trial court was legally correct in sustaining such exception.

• In reviewing a trial court's ruling on an exception of no right of action, an appellate court "begins with an examination of the pleadings."

The jurisprudence has generally recognized the principle that a partial exception of no right of action is procedurally improper. *See Cook v. Hibernia Nat. Bank*, 01-0455, p. 6 (La. App. 4 Cir. 4/10/02), 816 So.2d 901, 904. Nonetheless, some courts have extended the *Subaru* framework—formulated in the partial no cause of action context—to the partial no right of action context; stated otherwise,

"[some] courts have treated a partial exception of no right of action no differently than a partial exception of no cause of action." *State, by & through Caldwell v. Astra Zeneca AB*, 16-1073, p. 6 (La. App. 1 Cir. 4/11/18), 249 So.3d 38, 43; *Talbot v. C&C Millworks, Inc.*, 97-1489, pp. 4-5 (La. App. 1 Cir. 6/29/98), 715 So.2d 153, 156; *Shinew v. Luciano Refrigerated Transport, Inc.*, 96-2454, p. 4 (La. App. 1 Cir. 11/19/97), 706 So.2d 140, 141-42; *Poy v. Twin Oaks Nursing Home, Inc.*, 95-889, p. 8 (La. App. 5th Cir. 2/14/96), 671 So.2d 15, 18-19.

This line of cases recognizes that the judicial efficiency concerns and the logic of the *Subaru* case apply in the partial exception of no cause of action context. *Poy*, 95-889, p. 8, 671 So.2d at 18. Based on judicial efficiency concerns, this line of cases sets forth the principle that a "partial exception of no right of action which attacks *only* one theory of recovery advanced by a plaintiff, based on a *single* set of operative facts or a *single* occurrence, and which does *not* dismiss a party, should *not* be granted." *Poy*, 95-889, p. 8, 671 So.2d at 19 (emphasis in original). In addressing the application of the above principles here, we find one of those cases—the *Talbot* case—dispositive.[6]

---

[6] Although the parties failed to address on appeal the procedural issue of whether a partial exception of no right of action is permissible, the issue was addressed at the hearing before the trial court on the exceptions. At the hearing, Defendants' counsel acknowledged that Defendants were seeking a partial exception of no right of action. Indeed, Defendants' counsel cited the *Shinew* case for the proposition that a partial exception of no right of action is permissible if the two causes of action are based on separate and distinct operative facts. In an attempt to establish Ms. Parker's actions are separate and distinct and fall into the second *Subaru* category, Defendants' counsel argued at the hearing as follows:

> Her two causes of action are: One: "I'm the assignee, I should have got distributions everybody else got." Two: "I'm bringing a derivative action on behalf of the LLC because of alleged wrongful distributions." Two separate fact situations that come out of those two. For the distribution she didn't get, all she has to do is prove there was a distribution and that she didn't get it. With respect to the wrongful distribution, she needs to show not only that there was a distribution, but she has to show who voted for it, did they violate the Operating Agreement, is the LLC able to pay its debts as they become due in the usual course of business? The Court needs to interpret the Operating Agreement, and you have to see if there's a depreciation or depletion of assets, et cetera, with

The *Talbot* case involved a factual and procedural scenario similar to the instant case. In *Talbot*, a minority corporate shareholder sued the majority shareholders and the corporation in both an individual and a derivative capacity. All of the minority shareholder's claims were based on the same operative facts—the payment of disguised dividends to all shareholders except the plaintiff-minority shareholder. Stated otherwise, all of the minority shareholder's claims were based on the factual allegation that the defendants had "grant[ed] large bonuses and profit sharing contributions to [the majority shareholders] to 'zero out' all profits, while refusing to pay dividends." *Talbot*, 97-1489, p. 2, 715 So.2d at 155.

The trial court, in the *Talbot* case, granted the defendants' partial exception of no right of action, reasoning that "plaintiff had no legal capacity to proceed individually against defendants, but did have the right to proceed with a shareholder's derivative action." 97-1489, p. 4, 715 So.2d at 155. Finding the trial court's judgment procedurally improper, the appellate court, in the *Talbot* case, observed:

> This court has previously held that the Code of Civil Procedure does not provide for a partial peremptory exception raising the objection of no right of action, and, thus, if a plaintiff has a right of action as to any one of the theories or demands for relief set out in his petition, the objection of no right of action should not be maintained. . . .

---

respect to the LLC being able to pay its debts. The whole list of operative facts you have to look into when you're looking at a cause of action under 12:1327.

Defendants' position that Ms. Parker's claims are based on separate and distinct operative facts is belied by the fact that Ms. Parker expressly adopts in the derivative action portion of her petition all the factual and legal arguments set forth in the damages action portion of her petition and additionally pleads a statutory claim for wrongful distributions. The simple addition of another statutory remedy—the statutory claim for improper distributions—does not change the fact that both Ms. Parkers' damages action and derivative action arise out of the same operative facts.

Most recently, however, in *Shinew v. Luciano Refrigerated Transport, Inc.*, 96-2454, p. 4 (La. App. 1st Cir. 11/19/97), 706 So.2d 140, 141-142, this court, applying the rationale of *Everything On Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234 (La. 1993), reasoned that the partial grant of an exception of no right of action which does not dismiss a party may be permissible . . . where the cause of action attacked by the exception of no right of action is factually distinct and separate from the remaining cause or causes of action pled. On the other hand, where the plaintiff pleads multiple theories of recovery based on a single occurrence or set of operative facts, the partial grant of an exception of no right of action which attacks only one theory of recovery and which does not dismiss a party would be invalid as an impermissible partial judgment. . . .

In the instant case, it is clear that the two causes of action alleged are based on the same set of operative facts. This set of "operative facts" is the alleged action of [the majority shareholders] in paying out dividends disguised as bonuses to [themselves], both to the exclusion of plaintiff and to the detriment of [the corporation].

97-1489, pp. 4-5, 715 So.2d at 156. Continuing, the appellate court, in the *Talbot* case, concluded that "[b]ecause plaintiff had a lawful right pursuant to LSA-C.C.P. art. 611 to bring a shareholder's derivative suit, which action is based on the same set of 'operative facts' as the personal action he asserts, it was procedurally improper for the trial court to maintain an exception of no right of action." 97-1489, pp. 5-6, 715 So.2d at 156.

This court—albeit, in a prior, unpublished writ disposition issued in an unrelated case—adopted and adhered to the principles set forth in the *Talbot* case. *See Cook v. Hibernia Nat. Bank*, 01-0455, pp. 5-6 (La. App. 4 Cir. 4/10/02), 816 So.2d 901, 904. Citing the prior writ disposition, this court in the *Cook* case, which involved the same parties as the prior writ, observed:

[Mr.] Stewart sued [Mr.] Dean in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard both as an individual and in a derivative capacity for non-payment of dividends. [Mr.] Dean took a writ in that case because the trial court refused to sustain his partial Exception of No Right of Action. In the writ, *Frank T. Stewart v. Bob G. Dean*, 200[0]-1357, *unpub.* (La. App. 4 Cir. 11/06/0[0]),

14

> this Court followed the *Talbot* ruling, finding that a partial Exception of No Right of Action is procedurally improper.

*Id.*

Here, as in the *Stewart* writ and the *Talbot* case, Ms. Parker has asserted both an individual and a derivative claim based on the non-payment of distributions—the LLC equivalent to dividends. *See* Glenn G. Morris and Wendell H. Holmes, 8 LA. CIV. L. TREATISE, BUSINESS ORGANIZATIONS § 44:18 (2020 Update) (observing that "distributions are analogous to dividends in a corporation or distributions of profit by a partnership"). As such, the trial court's judgment granting a partial exception of no right of action dismissing one of Ms. Parker's two claims—here, the derivative claim[7]—is procedurally improper. Simply put, this case falls into the first *Subaru* category—the operative facts of one transaction or occurrence give rise to Ms. Parker's right to assert the entire action. As noted elsewhere in this opinion, all of Ms. Parker's claims are based on the same operative facts—defendants' failure to pay her the pro rata distributions that she is due as Mr. Parker's assignee Accordingly, we find that the trial court rendered an impermissible partial exception of no right of action and reverse the trial court's judgment granting that exception.

## CONCLUSION

For the foregoing reasons, we deny Appellees' motion to dismiss the appeal, convert the appeal to an application for supervisory writ, grant the writ, reverse the trial court's July 22, 2020 judgment, and remand for further proceedings.

---

[7] We do not disagree with the trial court's finding that Ms. Parker, as an assignee of an LLC, lacks standing to bring a derivative claim. Rather, we find that the granting of a partial exception of no right of action in this context is procedurally improper.

**APPEAL CONVERTED TO WRIT; WRIT GRANTED; JUDGMENT REVERSED AND REMANDED FOR FURTHER PROCEEDINGS; MOTION TO DISMISS APPEAL DENIED**